## HOPKINS VS. GILMAN.

EQUITY: *Specific performance of an agreement to arbitrate—Equitable relief by way of compensation, when specific performance denied.*

1. An agreement to arbitrate will not be specifically enforced.

2. A lease contained a stipulation that at the end of the term the lessor should have the value of the land, independently of the improvements, determined by arbitrators (to be chosen in a specified way), and renew the lease at a rent of eight per cent. upon that value, or should give a certain notice of his election to take the improvements at a value to be determined by arbitrators. Such notice not having been given, *Held,* that the contract to renew the lease is still incomplete, the price being required to be fixed by arbitration, and it will not be specifically enforced.

3. The court having obtained jurisdiction of the cause should proceed to render the relief to which the complaint shows the plaintiff entitled, by determining the value of the improvements, and restraining, until the payment of such value, any legal proceeding by the landlord to get possession of the premises.

APPEAL from the Circuit Court for *Milwaukee* County.

The terms of the contract on which the action was brought, are stated in the opinion. The judgment decreed not only a specific performance of the contract, but also a perpetual injunction restraining the defendant, etc., from proceedings in justice's court under the statute to recover *possession* of the premises, and from instituting any other suit for the restitution of the same by reason of any alleged past breaches of the provisions of the contract. The defendant appealed.

*J. Downer*, for appellant, to the point that equity will not decree a specific performance of an agreement to arbitrate,

cited *Greason v. Keteltas*, 17 N. Y., 496, and authorities there cited; *Van Cortland v. Underhill*, 17 Johns., 405,

*Palmer & Hooker*, for respondent, contended that a bill for the specific performance of a contract is addressed to the sound discretion of the court; and where a contract is fair, just and certain, and founded on an adequate consideration, its performance will be enforced, where there is not a complete remedy by an action for damages. 2 Story's Eq. Jur., §§ 751, 793 a, 793 b; Willard's Eq. Jur., 266–7; *Seymour v. Delancey*, 6 Johns. Ch., 222; *Minturn v. Seymour*, 4 id., 497.

COLE, J. The first objection taken to the judgment is, that it decrees a specific performance of an agreement to arbitrate, which, it is said, is one of those agreements that courts of equity never specifically enforce. It appears that the defendant, on the 5th of April, 1858, leased to the assignor of the plaintiff a certain lot in Milwaukee for the term of five years. Among other matters, the lease contains this stipulation: "And it is further agreed by and between the parties hereto, that in case the said lessee shall make any improvements on the said premises during the term aforesaid, it shall be optional with the lessor either to have said improvements appraised by three disinterested men (one to be chosen by each of the parties, and the third by the two thus chosen), at the expiration of the said term, without regard to the situation or value of the premises leased, and to pay the said lessee the appraised value thereof; or to have the said premises leased appraised in like manner, without regard to the said improvements, and to renew this lease thereof to the said lessee for the further term of five years, for the annual rent of eight per cent. upon the appraised value of said premises, to be paid in manner aforesaid, and subject to all the conditions afore-

said. And at the expiration of the said five years, and any additional five years thereafter, it shall be optional with the said lessor either to take and pay for the said improvements, at an appraisal to be made as aforesaid, or to have said premises appraised as aforesaid and to renew this lease thereof to the said lessee at an annual rent of ten per cent. upon the appraised value thereof, to be paid as aforesaid, and subject to the conditions aforesaid. And in case the said lessor shall elect to take and pay for the said improvements in manner aforesaid, he shall give the said lessee three months notice of such election previous to the time herein appointed for the appraisal of the same."

When the lease was made, the lot was unimproved. The lessee, however, entered into possession, built a dwelling house thereon, and has made other valuable improvements. At the expiration of the term, the defendant did not elect to take and pay for the improvements; and no new lease was given or other contract made, but the plaintiff continued in possession, paying rent according to the terms of the original lease, until June, 1865, when the defendant commenced a suit before a justice for the restitution of the premises. This action was instituted to restrain the prosecution of the suit pending before the justice, and to compel the execution of a new lease. The circuit court ordered and adjudged that the agreement embodied in the lease for a renewal thereof be specifically performed, and that the leased premises be appraised by three disinterested men (one to be chosen by each party, and the third by the two thus chosen), and that the lease be renewed to the plaintiff for the term of five years from the 1st of May, 1863, at an annual rent of eight per cent. upon the appraised value as fixed by the appraisers.

The question now is, can this judgment be sustained, or must the objection first taken to it prevail? It appears to

us that it would be in conflict with the principle of the decided cases upon the subject, to sustain the judgment and enforce a performance of the agreement to renew the lease. The contract sought to be enforced is essentially incomplete in a most important particular, as the amount of rent to be paid depends upon an appraisal of the premises to be made by arbitrators chosen by the parties. The amount of rent to be paid is of the very essence of the contract. The parties have not agreed upon the amount, but they have agreed upon a manner by which the amount is to be ascertained. Can the court supply the defect in the contract, or decree that the parties shall go on and choose arbitrators to make the appraisal? And if the court enforces a performance of the contract, does it not, in substance and effect, enforce an agreement to arbitrate? The contract is certainly incomplete as it now stands, and resort must be had to the action of arbitrators to supply material conditions in it, which the parties did not agree upon. The judgment directs that the leased premises be appraised in the manner specified in the lease, and that thereupon a renewed lease be executed at an annual rent of eight per cent. upon the appraised value. What is this but enforcing an agreement to arbitrate?

Says Judge SELDEN, in *Greason v. Keteltas*, 17 N. Y., 491–96: "It is well settled that courts of equity will never entertain a suit to compel parties specifically to perform an agreement to submit to arbitration." To this point he cites the cases of *Gourlay v. Duke of Somerset*, 19 Vesey, 431, and *Agar v. Macklew*, 2 Sim. & Stuart, 418. These authorities fully sustain the proposition to which they are cited, and a number of other cases might be cited to the same effect. See *Milner v. Gery*, 14 Vesey, 400; *Blundell v. Brettargh*, 17 id., 231; *Morgan v. Milman*, 17 Eng. L. & Eq., 203; *City of Providence v. St. John's Lodge*, 2 R. I., 461; *Dike v. Greene*, 4 id.,

286. The case of *Milner v. Gery*, was where a bill was filed for a specific performance of an agreement for the sale of certain estates according to the valuation of two persons, one to be chosen by each party, or of an umpire to be appointed by the two in case of a disagreement, and asking the court to appoint a person to make the valuation, or otherwise to ascertain it; and the Master of the Rolls makes the following remarks, which are quite pertinent to the question we are considering: " The only agreement into which the defendant entered, was to purchase at a price to be ascertained in a specified mode. No price having ever been fixed in that mode, the parties have not agreed upon any price. Where, then, is the complete and concluded contract which this court is called upon to execute? The price is of the essence of a contract of sale. In this instance the parties have agreed upon a particular mode of ascertaining the price. The agreement that the price shall be fixed in one specific manner, certainly does not afford an inference that it is wholly indifferent in what manner it is to be fixed." This last remark is not strictly applicable to this case, since the judgment directs that an appraisal shall be made in the manner provided for in the lease. But the real ground of the difficulty is, that the contract is still incomplete, the parties not having fixed the amount of rent to be paid, which is an essential ingredient in the lease to be made. The contract which the court is called upon to enforce is not an existing contract. Its terms are still to be settled by arbitrators; and where this is the case, courts of equity refuse to decree a specific performance. This is the language of the authorities; and the reasons for the doctrine are so forcibly stated in the above cases, that it would be idle to attempt to add anything to them.

The contract, then, being one which the court cannot enforce, the question arises, What relief, if any, is the plaintiff

entitled to? He or his assignor entered into possession of the lot, and has made valuable improvements thereon, as it is obvious the parties expected he would do. Must, then, he yield up the possession, and resort to his action at law to recover damages for a breach of the covenants in the lease? Or can he have the value of the improvements assessed by way of damages in this case? This is the question which has given us the chief difficulty.

In the first place, we are fully satisfied that it was the clear duty of the defendant either to renew the lease or to take and pay for the improvements. One or the other thing it was his bounden duty to do, and he has shown no valid excuse for his failure to perform his agreement. The lease provides that in case the lessor elects to take and pay for the improvements, he should give the lessee three months notice of such election previous to the time appointed for the appraisal of the same. It is optional with him either to take his property, paying the appraised value of the improvements, or to renew the lease. He refuses to do either the one thing or the other. Now, although the facts alleged are insufficient to justify a decree for a specific performance, yet we think a court of equity may retain the suit for the purpose of awarding compensation for the value of the improvements. Undoubtedly an action for damages for nonperformance of the contract would be the usual remedy. But must this suit be dismissed, and the plaintiff turned over to that remedy alone? It seems to us not, but that the court, having acquired jurisdiction of the cause, should provide and grant any relief consistent with the case made by the complaint and embraced within the issue. The cases of *Tenney v. The State Bank*, 20 Wis., 152, and *Leonard v. Rogan*, id., 540, are strong authorities for this practice. So are the cases of *Greason v. Keteltas, supra*, and *Barlow v. Scott*, 24 N. Y., 40. We have therefore concluded to reverse

the judgment, and send the case back with directions to the circuit court to ascertain the value of the improvements placed upon the property by the the plaintiff or his assignor. And we are further disposed to permit the plaintiff to retain the possession until he is paid for the improvements.    This appears to us just and equitable under the circumstances.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for further proceedings in accordance with this opinion.