## BAILIE VS. RODWAY.

COVENANTS RUNNING WITH LAND—LESSOR AND LESSEE: *Contract as to lessor's right, at end of term, to purchase or have renewal of lease.—Lessor's grantee bound.—Lessee's equitable rights.*

A lease of real estate reserved to the lessor a right, at the end of the term, to take and pay for improvements, giving lessee three months' notice of his intention to do so, or renew the lease at a rent of ten per cent. upon the value of the premises as appraised (without regard to the improvements) by three persons, one to be appointed by each party, and the third by these two. Less than three months before the term expired, defendant, lessor's grantee, notified tenant that it was necessary that such appraisers be chosen (if tenant should elect to take a new lease), and named a person on his part for that purpose. *Held,*

1. That defendant was bound by the covenants of the lease, having acquired title while lessee was in actual possession, and with notice of his rights.

2. That defendant's notice to lessee shows an election by him to renew the lease as therein provided, although the notice did not specifically state that he would do so.

3. That lessee's only right was to accept a renewal of the lease on the terms mentioned, or yield possession of the premises; and equity will not interfere by ordering the improvements sold for his benefit, or requiring lessor to take and pay for them.

APPEAL from the County Court for *Milwaukee* County.

On the 3d of May, 1860, one Eldred leased certain premises in the city of Milwaukee to the plaintiff, for five years, by deed of indenture which contained the covenants stated in the opinion *infra*, as to the lessor's option, at the end of the term, either to renew the lease for five years or purchase the improvements; and so for each subsequent term of five years. The covenants of the deed were expressly made binding, not only upon the parties, but upon their heirs, executors, administrators and assigns. On the 3d of May, 1865, the executors of the last will of said Eldred entered into a new lease with the plaintiff, containing like covenants. In 1866 the defendant acquired the title of the Eldred estate to the premises, the plaintiff being in possession of the premises under said lease, and defendant having knowledge thereof. On the 25th of April, 1870, the defendant gave the plaintiff the notice whose contents are stated in the opinion. On the 29th of the same month, plaintiff notified defendant that he would sell the improvements on the premises to defendant for their fair cash value at the expiration of his term, " said value to be ascertained pursuant to the terms" of the lease; and named a certain person on his part to appraise their value. On the expiration of the lease, defendant demanded possession of the premises, and shortly after commenced a proceeding in justice's court to obtain a restitution thereof. Plaintiff thereupon brought this action to have the court determine the value of his improvements, and compel defendant to pay the same, and permit plaintiff to retain possession of the premises until such payment should be made; or to have it adjudged that plaintiff could

remove said improvements, and retain possession for a reasonable time for that purpose; or, in case the court should determine that plaintiff's dwelling-house on the premises could not be separated from defendant's dwelling-house on the adjoining premises, by reason of their being built together in the manner stated in the complaint, then to have the two dwellings ordered to be sold, and the proceeds divided between the parties, etc.; and also to have defendant restrained from prosecuting his said suit in justice's court, or any other suit for the restitution of the premises; and for general relief.

An injunctional order, pending the action, was granted by a court commissioner; and the plaintiff took this appeal from a subsequent order of the county judge vacating said injunctional order.

*John W. & A. L. Cary*, for appellant, argued that by the terms of the lease the lessors had the option, at the expiration of the term, of taking the improvements and paying for them, or renewing the lease for the further term of five years, but in either event there was to be an arbitration to fix the value of the improvements, or the rental under the new lease; that the agreement to arbitrate could not be enforced, so that, if either party refused or failed to perform, the contract, so far as it pertained to a renewal of the lease or a determination of the value of the improvements, being incomplete, fell to the ground; but that, as it was evident from the terms of the lease that it was the intention of the parties thereto that the lessee should make improvements upon the premises, the lessor, at the end of the term, was bound to take and pay for them. *Hopkins v. Gilman*, 22 Wis. 476. 2. Counsel further contended that by the terms of the notice given to plaintiff by defendant, the latter waived the option given him by the lease, and left the plaintiff to elect whether he would take a new lease or take pay for his improvements.

*Thomas L. Ogden*, for respondent.

Bailie vs. Rodway.

Cole, J. The purchaser of the demised premises was bound to take notice of the rights of the lessee under the lease. The plaintiff was in possession of the premises, and the defendant admits, in his affidavit used on the motion to dissolve the injunction, that he had notice of the rights of the plaintiff as they were defined and reserved in the lease. It seems to us, therefore, that there is no sufficient ground for saying that the defendant was a stranger to the covenants of the original lease, and is not bound by them. Adopting, then, this view of the case, the question arises, Was the injunction properly dissolved?

The lease gave the defendant the option to take and pay for the improvements, or renew the lease at an annual rent of ten per cent. upon the appraised value of the premises, without regard to the improvements. In case he elected to take and pay for the improvements, he was to give the lessee three months' notice of such election, previous to the expiration of the term. He did not give any such notice, but did, on the 25th of April, cause to be served upon the plaintiff a notice to the effect that it was necessary men should be chosen to appraise the value of the real estate as a basis of a new lease (should the plaintiff elect to take one), and that he named on his part Mr. Charles Cain. This was certainly a sufficient indication on his part that he elected to give a new lease. It is argued by the counsel for the plaintiff that the defendant did not, in this notice, offer to give a new lease, but waived his option, and expressly gave the plaintiff the election whether he would take a new lease or not. But while it may be true that the defendant did not in so many words, in this notice, offer to give a new lease, there cannot be any possible doubt of his intention upon that point. He indicated in the clearest manner his election to renew the lease according to its stipulations, and selected a person to act on his behalf in appraising the value of the premises. This was manifestly all he

could do in fulfilling his covenant, and it would remain with the plaintiff to determine whether he would have the lease renewed according to the original conditions, or abandon the premises altogether. This is the extent of his rights when the lessor elects to renew the lease. He must in that case accept the renewal upon the stipulated conditions, or yield the possession of the premises. The defendant, then, has kept and performed his covenants, by notifying the plaintiff of his election to renew the lease, and by appointing a person to act with one appointed by the plaintiff and a third chosen by the two, in making an appraisal of the real estate as the basis of a new lease. But the plaintiff refuses to appoint on his part, and is in default. And this constitutes the fundamental distinction between this case and that of *Hopkins v. Gilman*, 22 Wis. 476. There the lessor refused to perform his covenant, either by renewing the lease or by taking and paying for the improvements; while here it is the lessee who refuses to perform the agreement. And while refusing to keep his covenants, he appeals to a court of equity to order the improvements sold for his benefit. Upon what principle a court of equity would be justified in interfering, upon the facts disclosed, we do not readily understand. The defendant has exercised his option, and elected to renew the lease. The plaintiff has declined to accept such renewal. Upon what ground, then, can he ask a court of equity to compel the defendant to take the improvements and pay for them, or order them to be sold? We are very clearly of the opinion that he is not entitled to any such relief.

It follows from these views that the order of the county court vacating the injunction, must be affirmed.

*By the Court.*—Order affirmed.