## FRED SCHNEIDER, ADMINISTRATOR, v. C. HILDENBRAND & Co.

### Delivered June 11, 1896.

*Specific Performance—Agreement to Convey—Provision for Arbitration.*

A lease contract stipulated that upon its expiration the lessor or his personal representative should convey the fee of the property to the lessee, if he so desired, and provided that if the parties could not agree on the price, it should be determined by arbitrators. The lessee and the lessor's administrator failed to agree on the price, and the latter refused to name an arbitrator. Held, that the provision for arbitration was not essential to the validity of the contract, and that a court of equity should have disregarded it, and enforced specific performance upon the payment by the lessee of a fair consideration, to be determined by the court by judicial inquiry, instead of arbitration.

ERROR from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*Wheeler & Rhodes*, for plaintiff in error.—Plaintiff in error's first proposition is that the court erred in rendering judgment in this cause, for the reason, as fully appears in the record, that C. F. Hildenbrand, the lessor, owner of the said lots and party to the said contract, was dead, and died before the institution of this suit, the strength of the proposition being that the death of said Hildenbrand revoked all power to arbitrate either on the part of the said arbitrators, and revoked all authority of the court to in this manner enforce specific performance of the said instrument, and in the manner sought and obtained in the court below. 2 Parsons on Contracts (6th ed.), 711; 16 Texas, 472· 22 Texas, 542; 35 Fed. Rep., 22; 36 Fed. Rep., 408.

*James B. & Chas. B. Stubbs*, for defendants in error.—The death of C. F. Hildenbrand, who had in writing bound himself and his repre-

sentatives to sell and convey the lots to lessees at the end of the lease, should they conclude to purchase, at a price to be ascertained in the manner and by the means specified in the instrument, did not revoke the power to so determine such price, or prevent the court from consummating the transaction under the statute and agreement.

The death of one of the parties to such submission does not cancel it, where his representatives, as in this case, are required to fulfill the contract. In such event the obligation survives. 1 Am. & Eng. Ency. Law, 666, note; 6 Wait's Act. & Defenses, 618; U. S. v. Robertson, 9 Pet., 319; Hamilton v. Ins Co., 136 U. S., 242; Aspley v. Thomas, 17 Texas, 226; Hall v. Little, 11 Texas, 404; Forshey v. Railway, 16 Texas, 531; Green v. Franklin, 1 Texas, 497; Boettler v. Tendick, 73 Texas, 489; Railway v. Dilley, 65 Texas, 685.; Railway v. March, 114 U. S., 549.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted in the Probate Court of Galveston County by the defendants in error against the plaintiff in error, upon a contract in writing made in September, 1883, between C. F. Hildenbrand, now deceased, and of whose estate the plaintiff in error is administrator, and the firm of C. Hildenbrand & Co., then composed of C. Hildenbrand and Pat Barry, the former of whom subsequently died, leaving the defendant in error, Mrs. Elise Hildenbrand, his widow, his sole legatee and devisee. By the contract, C. F. Hildenbrand leased to C. Hildenbrand & Co., for the term of ten years, certain real property situated in the city of Galveston, and which was fully described by reference to lots and blocks of the city; and the lessor agreed, in further consideration of the lease, upon the expiration thereof, should the lessees so desire, to convey to them by deed of general warranty in fee the entire property, with the stipulation that, if they, the lessor and lessees, should be unable to agree upon the price or value of said property, it should be determined by two arbitrators, one to be chosen by the lessor and the other by the lessees; and, in case the arbitrators should not agree, they should refer the question of disagreement to an umpire to be chosen by them, and the price fixed by the arbitrators or the umpire should be the value of the property, and upon the payment of which by the lessees, the lessor or his personal representative should make conveyance to them of the property. The contract further stipulated that in case of the neglect or refusal of the lessor, or his personal representative, upon demand made therefor by the lessees, to appoint an arbitrator in accordance with the terms of the contract, then the lessees should select an umpire who alone should fix and determine the value of the property, and such valuation should be the purchase price. The object of the suit was to enforce the specific performance of the contract, and the application averred that applicants, desiring to purchase the property in accordance with the terms of the contract, had demanded compliance therewith of the administrator of the estate of the said C. Hildenbrand, deceased, and they were unable to agree upon

the price of the property, and that the administrator had declined, after appointing an arbitrator, to proceed to determine the value of the property in the manner provided in said contract, upon the ground that he was not authorized to carry out the agreement to arbitrate as provided in the contract, and that the Probate Court alone had jurisdiction of the matter; and the applicants prayed that the administrator be by the court authorized to carry out the provisions of said contract, and to appoint an arbitrator, and to specifically execute said contract, and for general relief. To this application the administrator made answer that the court was without jurisdiction to grant the application, and that he submitted himself to the jurisdiction of the court solely for the purpose of answering the application; that the death of his intestate had revoked the agreement to appoint arbitrators, and that specific performance of the contract could be obtained only in the mode prescribed by the statute. The administrator further excepted to the application on the ground that applicants had not presented their claim in the manner provided by law, and he prayed that the application be refused, and that he recover costs against applicants. Upon hearing of the application, the County Court made and entered the following decree:

No. 2368
Estate of C. F. Hildenbrand, deceased, } January 4, 1894.
    Fred Schneider, administrator.

This day came on to be heard the application of C. Hildenbrand & Co., a firm composed of Mrs. Elise Hildenbrand, widow of Christian Hildenbrand, deceased, and Pat Barry, praying that said administrator be required by this court to act under and in accordance with the provisions of an agreement made by and between C. F. Hildenbrand, in his life time, and Pat Barry and Christian Hildenbrand, and praying for specific performance; and it appearing to the court that the material averments of the application are true, and that applicants are entitled to the orders and relief therein prayed, it is accordingly ordered, adjudged and decreed that said Fred Schneider, administrator of C. F. Hildenbrand, deceased, be and is hereby authorized and ordered to appoint an arbitrator within 20 days from the date hereof, who shall act in connection with an arbitrator to be appointed by the said C. Hildenbrand & Co. (the parties hereto having failed to agree upon the value or price of the lots described in said application), which arbitrators shall appraise the value of the following described real estate, namely: lots 8, 9, 10, 11, 12, 13 and 14, in block No. 446; also lots Nos. 1, 2, 3, 4 and 5, in block No. 327, except that part of lot No. 1, occupied by the house thereon known as the butcher shop or house, and all of which property is situated in the city and county of Galveston, State of Texas, and is so numbered and described on the map or plan of said city; and should said arbitrators fail to agree upon and fix the value and price of said lots, then they, said arbitrators to be appointed, shall agree upon and appoint a third person or umpire to act with them, who shall fix the

valuation or price of said lots; and the valuation or price that may be
fixed in accordance with said agreement and this decree shall be the
purchase price of said property, upon the payment of which by said ap-
plicants, the said administrator shall execute a deed to said property to
said applicants; and in case such administrator shall refuse to appoint
an arbitrator, then the arbitrator appointed by the said applicants shall
have the right to fix the value of said property, which shall then be the
purchase price thereof; and the administrator and the arbitrators and
umpire that shall or may be appointed shall conform in their actions to
the directions of this order and the terms of said agreement, a copy of
which is annexed to the application.

"And said administrator is further ordered to make due report of his
actions herein and all the proceedings authorized and required by this
decree to this court within 40 days from the date hereof, and also to
make report of the action and proceedings of said arbitrators and um-
pire, should one be appointed, and the result thereof, within 40 days
from this date.    To all of which judgment and order the said adminis-
trator excepts and in open court gives notice of appeal."

From this judgment the administrator appealed to the District Court,
and in that court, in addition to the exceptions and defenses made in
the Probate Court, the administrator, by amending his answer, objected
to the application on the ground of failure of applicants to make the
heirs of his intestate and the heirs of the deceased, C. Hildenbrand,
one of the parties to the contract sued on, parties defendant.    Defend-
ant also urged the revocation of the agreement in the contract for arbi-
tration by reason of the death of said C. Hildenbrand, and he filed and
made part of his answer a formal revocation of any power of attorney
heretofore given by him, said administrator, to any one to arbitrate for
him and on behalf of the estate of his intestate the price or value of
the property described in the contract sued on.    Upon trial of the
cause in the District Court, that court overruled all the exceptions of
the admistrator and rendered a decree requiring the administrator to
carry out the contract in strict accordance with its terms, and ordering
the administrator to make conveyance of the property when the pur-
chase price determined by arbitration, as provided in the contract,
should be paid him by appellees, and requiring and directing the admin-
istrator to make full report within a given time of his action in the
premises to the Probate Court, and from that decree the administrator
has appealed to this court.

The appellant's first proposition is, that the death of C. F. Hilden-
brand, the lessor, and owner of the lots, the subject of litigation, re-
voked and annulled the agreement in the contract, to determine the
value of the property by arbitration, in case of disagreement between
the parties, and this seems to be the rule, unless the contingency of the
death of the parties be provided for in the agreement to arbitrate, as
seems to have been done in this instance, at least in reference to the

lessor, the appellant's intestate. 2 Parsons on Contracts, 712. But the solution of this proposition is unnecessary, in the view we take of this case. As to the proper remedy to be pursued in cases like the one presented in this appeal, we find there has been much conflict of opinion in the courts. It has been held by a court of high authority that where a sale was provided for in a lease, at a price to be fixed by two persons to be mutually chosen, or by an umpire to be appointed by the the arbitrators in case of disagreement, and where the appraisers failed to agree upon the price, or the person to be appointed umpire, a bill for specific performance of the contract would not lie, on the ground that the contract was incomplete and inoperative, until the price was determined according to the provisions of the lease. Vide Milnes v. Grey, 14 Vesey Jr., 400. And the principle involved in that decision has been followed in the case of Greason v. Ketaltas, 17 N. Y., 491, and in Hopkins v. Gilman, 22 Wis., 476, these courts holding in the cases cited that for the wrongful failure to complete an agreement for arbitration the proper remedy was an action at law for damages. But the doctrine in these cases has been followed to a limited extent only by the American courts, and seems to be applicable only to contracts for arbitration in which the language of the stipulation makes the mode of determining the price by arbitration a condition to the validity of the agreement, and to cases in which parties can be easily placed in statu quo, or where an action in damages can be made to afford an adequate remedy. Coles v. Peck., 96 Ind., 339. But when the case is one in which the stipulation for determining the price of the property by its language will allow it to be treated as not essential to the validity of the contract, and itself as virtually an agreement to sell the property at a fair price, if the means specified for ascertaining the price fail for any reason, the contract is not treated as void or inoperative, but a court of equity will, in a suit for specific performance, by some legitimate mode ascertain the reasonable and fair price of the property. The contract sued on falls, we think, in the latter class of cases to which we have referred. But a court of equity will not decree a specific performance for the sale of property except upon the payment of a fair and adequate price by the vendee. 2 Story's Equity, sec. 751; Seymour v. Delaney, 6 Johns., Ch. 222.

The price not having been agreed upon in this case by the parties, the stipulation to determine the price by arbitration should have been treated as immaterial, and the trial court should, by appropriate judicial inquiry, have ascertained what was the fair and reasonable price of the property before decreeing specific performance. This a court must do itself, and not relegate it to any one, before it decrees a specific performance and compels the execution of a conveyance of the property in accordance with the terms of the contract.

For the errors here pointed out, the judgment must be reversed and the cause remanded for another trial in conformity to the rules of law

herein announced.   We discover no other error in the record, and the other assignments will not be discussed.   The judgment is reversed.

*Reversed and remanded.*