### S. C. S. DURHAM v. J. L. BREATHWIT.

Decided July 3, 1909.

**1.—Contract—Issue of Abandonment—Evidence.**

Where, in a suit for the specific performance of a contract for the conveyance of land, the defendant pleads that the plaintiff had abandoned the contract before suit was filed, evidence to the effect that plaintiff was in possession of the land and had made improvements thereon, was relevant and admissible in rebuttal.

**2.—Same—Vendor and Vendee—Specific Performance.**

When, in a contract to convey land, the vendor had bound himself to procure a release of certain outstanding vendor's lien notes, or furnish satisfactory evidence that said notes had been paid, and it was provided that upon failure to do either the contract might be *annulled by the vendee*, a mere declaration by the vendor that he was unable to procure a release would not be conclusive

of that question, and would not be sufficient to defeat a suit to divest out of the vendor such title as he had to the land.

#### 3.—Executory Contract—Assignment.

An executory contract for the sale of land may be lawfully assigned or transferred to another by the vendee.

#### 4.—Same—Stakeholder—Verdict—Judgment.

When a third person is made a party defendant because a stakeholder in an executory contract for the sale of land, a general verdict for the plaintiff when read in the light of the charge in an action to divest the title out of the defendant, may authorize a judgment disposing of the rights of the stakeholder.

Appeal from the District Court of Palo Pinto County. Tried below before Hon. J. H. Arnold, Presiding Judge on exchange.

*W. P. Smith, E. B. Ritchie* and *Albert Stevenson,* for appellant.

*W. H. Gross* and *Jno. H. Eaton,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—J. L. Breathwit recovered judgment for two acres of land against S. C. S. Durham, who has prosecuted this appeal. Originally the suit was in the form of trespass to try title, but by amendment was changed to one for specific performance of a contract to convey the property. The contract pleaded was in writing and signed by defendant Durham and W. B. McCall. It obligated Durham to convey the property to McCall and to procure a release of certain outstanding vendor's lien notes against the property in favor of Henry A. Lynn, or to furnish satisfactory evidence that those notes had been paid, and also to procure from Caroline Landers or her heirs or assigns such title to the land as she or they might have. At the time of the execution of the contract the purchase price of two hundred dollars was deposited by McCall with the bank, and Durham deposited with the bank a deed to the property in favor of McCall, and the contract stipulated that the bank should pay over the money to Durham and deliver the deed to McCall whenever Durham should procure a deed to the Landers interest in the property and should obtain a release of the lien notes or furnish satisfactory evidence of their payment. It was further stipulated in the contract that John H. Eaton, an attorney, should pass on the title to the property, and that when it should appear to him that Durham was unable to perfect the title, on Eaton's written statement of that fact the bank should return the deed to Durham and the two hundred dollars to McCall. Before the institution of the suit W. B. McCall transferred to J. L. Breathwit all the interest he had in the land by virtue of said contract.

I. N. Wynn, who seems to have been the cashier of the Bank of Mineral Wells and the person with whom the purchase price of the property and the deed from Durham to McCall were deposited, was a party to the suit as stakeholder, and the judgment decreed that he should deliver the deed executed by Durham in favor of McCall to the plaintiff, and should also pay over the two hundred dollars deposited with him to defendant Durham.

By his first three assignments appellant complains of the admission of testimony of witness F. L. Deal to the effect that W. B. McCall was living on the land at the time of the execution of the contract, and that subsequent to the execution of the contract and the assignment of McCall's interest therein to the plaintiff, the plaintiff entered upon the land and made certain improvements thereon. One of the defenses made by Durham was that Breathwit abandoned the contract prior to the trial, and we think that the evidence of his possession and improvements of the property was admissible upon that issue. The evidence of McCall's possession of the property at the date of the execution of the contract was harmless.

On or about April 12, 1906, appellant, who resided out of the State, wrote to his agent, Barber, in Mineral Wells, that the lien notes were probably destroyed in the Galveston flood, where they were kept on that occasion, as he had never heard of the notes since that time, and requested Barber to get a settlement of the contract, as he either wanted the money for the property or else the return of his deed. Barber informed John H. Eaton, the attorney, of the contents of this letter, and Eaton replied that he would require the notes or a release of them before he could pronounce the title acceptable, and that Durham must show payment of the lien notes before he could get the two hundred dollars deposited with the bank. Appellant insists that the evidence shows that it was impossible for Durham to procure a release of the lien notes or to make satisfactory proof of their payment, and by reason of that fact the contract to convey the property was terminated and Durham's obligation to convey it discharged. Other than the statements of Durham contained in his letter to Barber and above mentioned, appellant does not cite us to any evidence in the record to show that it was impossible for Durham to procure a release of the lien notes, and even if such a theory of defense be correct, we do not think that that evidence was of such a conclusive nature of impossibility to procure such a release as to sustain appellant's contention in his fourth assignment that the court should have instructed a verdict in favor of the defendant, or his other proposition contained in his fifth assignment that, at all events, the verdict should have been set aside. Furthermore, Durham had contracted to procure a release of the liens or to show satisfactory evidence of the payment of the notes, and we think his contention that it was impossible for him to perform that obligation is no defense to plaintiff's suit, his obligation being voluntarily assumed and his performance thereof not being prevented by the act of God or through any fault of the plaintiff. Frichott v. Nowlin, 50 S. W., 164; Fruin v. Crystal Ry. Co., 14 S. W., 557, 9 Cyc., 625, 626, 627.

The vendor's lien notes outstanding against the property in favor of Lynn were never paid off, but upon the trial the plaintiff waived the payment of the same, and agreed that Durham have judgment for the two hundred dollars deposited by McCall with Wynn, plaintiff having theretofore procured a deed from Landers at his own expense of one hundred and fifty dollars. Appellant insists that as plaintiff had not offered to make the same waiver prior to the institution of the suit such offer came too late thereafter. This contention is based

upon the further contention that it was impossible for Durham to procure a release of the lien or to furnish satisfactory evidence thereof, and the latter contention being unsound, the former is overruled for that reason, and for the further reason that if at any time plaintiff had been required to waive this obligation of Durham as a condition precedent to his right of recovery, an offer on his part to comply with that requirement upon the trial of the case would have been sufficient, at least in the absence of some circumstances to show that time was of the essence of the contract. Kalklosh v. Haney, 4 Texas Civ. App., 118; Ward v. Worsham, 78 Texas, 180; Spann v. Sterns, 18 Texas, 565; 4 Pom. Eq., sec. 1407.

By his ninth assignment appellant insists that the uncontradicted evidence shows that prior to the suit for specific performance the defendant offered to deliver the deed upon payment of the two hundred dollars named in the contract, provided plaintiff would waive the requirement as to securing the release of the lien notes, that the offer was refused, and therefore plaintiff could not recover. If the proposition presented by this assignment is based upon the contention of alleged impossibility of performance by Durham, it is answered adversely to appellant by what we have above said. Otherwise, its effect would be to say that if Durham offered to do less than he was bound to do by the contract, and if this offer was refused by the plaintiff, then the contract was terminated and plaintiff's right to recover defeated by reason of said refusal. This would clearly be incorrect.

By other assignments appellant contends that Breathwit repudiated the contract by first filing this suit in trespass to try title. The testimony of the witness Eaton, the attorney named in the contract, was to the effect that this suit as originally brought was for the purpose to clear up the title, and that it was instituted by agreement with Barber, Durham's agent, and not for the purpose of repudiating the contract, and the issue as to whether or not such action on the part of the plaintiff was a repudiation of the contract upon which the suit finally went to trial was fairly submitted to the jury by the court for their determination, and their finding thereon contrary to appellant's contention is amply sustained by the evidence.

The court also correctly submitted to the jury the issue made by the defense that plaintiff abandoned the contract, and there was ample evidence introduced to sustain the verdict in plaintiff's favor upon that issue.

Under another assignment the following proposition is made by appellant: "The contract of sale being only executory, and being in escrow with I. N. Wynn, and plaintiff being aware of that fact, could not and did not acquire any rights under said contract." No authorities are cited in support of this proposition. The contract certainly vested in McCall certain rights which we think were subject to be lawfully transferred by him.

The verdict of the jury was as follows: "We, the jury, find for the plaintiff." Read in the light of the charge, which submitted the issues made between all the parties to the suit, the verdict was sufficient to authorize the judgment rendered disposing of all the issues as between all the parties, and appellant's fifteenth assignment, asserting

that under such verdict no judgment could be rendered as to the defendant I. N. Wynn, is overruled.  Martin Brown Co. v. Perrill, 77 Texas, 199; Evans v. Gray, 38 Texas Civ. App., 442; Hamilton v. Rice, 15 Texas, 385.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Conner, Chief Justice, not sitting.