## J. J. RICHARDS v. T. C. CALLEY.

No. 5317. Decided February 5, 1930, March 12, 1930.
(23 S. W., 2d Series, 684, 25 S. W., 2d Series, 329.)

*Lockhart & Garrard* and *F. D. Brown,* for appellant.

The contract of sale and exchange relied on by the plaintiff, T. C. Calley, and which he seeks to have specifically performed is not such a contract as is subject to specific performance: (1) Because it is not a complete contract; (2) Because such contract is unilateral and does not bind the plaintiff, Calley; (3) Because said contract is indefinite and uncertain; (4) Because such contract is in effect nothing more than a contract to make a contract in the future. 25 R. C. L., 218; Clegg v. Brannan, 234 S. W., 1076; Gordon v. Emerson Shoe Co., 242 S. W., 791; Bean v. Holmes, 236 S. W., 120; Hume v. Bogle, 204 S. W., 673; Brillhart v. Beever, 198 S. W., 973; McCaskey v. Dunlap, 276 S. W., 944.

A party suing for specific performance of a contract to exchange real estate, in order to be entitled to that relief, must plead and prove that he had good and merchantable title to the land which he contracted to convey, and a mere allegation in plaintiff's petition that plaintiff was on the date of said contract, and ever since, seized in fee simple of a good and indefeasible estate in said lands, free from all incumbrances except those mentioned and which the defendant was assuming, without proof of that fact on the trial of the cause, is not sufficient to support a judgment for specific performance of a contract to exchange real estate. Ruling Case Law, Vol. 25, p. 335, para. 157, 158, p. 336; Sweet v. Berry, 236 S. W., 531; Giles v. Union Land Co., 196 S. W., 312.

*L. A. Howard, B. S. Burks* and *Vickers & Campbell,* for appellee.

We submit that the evidence was uncontradicted; that Richards refused any abstract or deed tendered him. He said he would not accept the deed or the abstract. He admitted this in his evidence. By such he clearly waived a forced delivery.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

The appellee, Calley, filed this suit against appellant, Richards, to enforce specific performance of a contract for the exchange of real estate, and to recover the rental value of the premises which appellant had contracted to convey to appellee, and further to recover certain payments which appellee alleged he had been forced to make on the land he had contracted to convey to appellant. The appellee alleged that the parties entered into a written contract which is set out in his pleadings. Appellee further alleged that appellant refused to consummate the deal. Appellee further alleged that he was, on the date of the contract, and continuously since said time, and still is, seized in fee simple of a good and indefeasible estate in the lands he contracted to sell appellant, free from all incumbrances, except those mentioned in the contract to be assumed by appellant. Appellee further alleged that he is willing, ready and able to carry out his part of the contract, and convey his land to appellant and had so informed the appellant, but that the appellant refused to comply with the contract and refused to carry it out. The appellee prays specific performance of the contract.

The appellant answered by general demurrer, special exceptions, general denial, and specially pleaded that the contract was never delivered and that the parties had mutually abandoned it. The facts do not raise the issue of non-delivery; therefore the trial court submitted one issue to the jury, that of mutual abandonment. The jury found in response to this issue, that the contract had not been mutually abandoned by the parties, and based upon this verdict, the court rendered a judgment in favor of the appellee, Calley, for specific performance of the contract.

It is not necessary to set out the contract in this opinion, but we will say that it is one, by its terms, susceptible of specific performance. As bearing upon the question certified, the contract contained among other provisions, the following:

(a) "Each party hereto agrees to furnish an abstract of title, certified down to date, showing merchantable title in him to their

respective properties, if required so to furnish by either or both of said parties."

(b) "T. C. Calley agrees to sell and convey the following property to J. J. Richards * * * same to be conveyed by warranty deed clear of all liens and encumbrances."

(c) "Each party hereto binds and obligates himself that he will clear his respective properties of all liens and encumbrances except as above described which each party is to assume payment of."

As shown by the excerpts from the contract above set out it was expressly provided therein that abstracts were to be delivered only if demanded. It follows, therefore, that there was no obligation on the part of either party to furnish an abstract to the land he was trading the other unless demand was made. Also we call attention to the fact that appellant never, by his pleadings, questioned appellee's title except insofar as the general denial might operate to do so.

During the course of the trial appellant went on the witness stand as a witness in his own behalf, and among other things, testified: "I really made a trade with Calley and signed a contract, and if he had insisted on me going through with the trade the next Monday morning, I would have done so, and there never would have been any trouble." Further, on cross-examination, appellant testified, among other things: "Mr. Calley agreed to call the deal off. The only reason that the trade did not go on was that he did not insist on it. If he had insisted on it, then I would have gone on with the trade." * * * "I had seen the land, knew what it was, and I did not claim that Mr. Calley misrepresented it to me. I think Mr. Calley owns considerable property outside this that is in controversy. I never questioned that Mr. Calley was able to carry out the deal. I never questioned his ability to carry out the deal. I never questioned that he was ready and able to carry out the deal at the time he signed the contract. If he had not called the deal off I would have gone on with it." * * * "I never did ask Mr. Calley for the abstracts. I did not figure that I had any use for them. I would not have accepted a deed if he had tendered it to me, after I considered that the trade was called off. I do not recognize that I am obligated under that contract, not at all. I had no intention of carrying the contract out after it had been called off." * * * "I asked him if I could get out of the contract and he said that I could. If he had not said so, I would have gone on with the contract. I am claiming that Mr. Calley and I called the trade off. We both

know whether it was called off or not, I say it was, and he says it was not."

The record shows that appellee denied that the contract was called off or abandoned, and the jury found in his favor.

Under the above statement the Court of Civil Appeals has certified to the following questions:

(1) "Was Calley entitled to a judgment for specific performance without proof upon his part that the titles to his lands were merchantable and free from all encumbrances which had not been assumed by Richards?

(2) "Did the general denial contained in the answer of Richards require Calley to prove that the titles to his lands were merchantable and free from all encumbrances which had not been assumed by Richards?

(3) "Was it necessary for Richards to attack the validity of Calley's titles by affirmative pleading to enable him to raise the issue of insufficiency of evidence in this Court?

(4) "Has Richards, by his conduct in failing to call for and accept an abstract of title and by failing to question the sufficiency of Calley's titles by his pleadings, waived the defects, if any, in Calley's titles?"

It is not necessary in this case for us to decide as a general proposition of law, whether under our form of pleadings, the general denial, in a suit for specific performance of a contract to sell or trade land, puts in issue the title of the owner, for the following reasons:

While the failure on the part of appellant to specially plead want of title in appellee, may not alone constitute a waiver of proof of appellant's title, yet, when taken in consideration with the undisputed fact that the contract provided for the furnishing of abstracts on demand, and none was demanded; and the further fact that the appellant set up in his pleadings specific reasons why the contract should not be enforced, to-wit, that the contract was never delivered, and both parties had mutually agreed to abandon it; and the further fact that the record shows that appellant testified as a witness in his own behalf, and testified, in substance, that he did not demand an abstract; that he would not have accepted an abstract or deed from appellee if he had tendered same, for the reason that the trade was called off by agreement; that the only reason the trade did not go on was that appellee did not insist on it; that if appellee had insisted on it he would have gone on with the trade; that he never questioned appellee's ability to carry out the contract; that he never questioned that appellee was ready and able to carry out the

contract; that if appellee had not called off the deal he would have gone on with it, and that he thought appellee had owned considerable property outside the land in question, and the other statements made by him above quoted, all combined, certainly constituted, in law, a waiver on the part of appellant of the issue of title, and constituted an implied acceptance thereof. Stroberg v. Walsh (Tex. Civ. App.) 203 S. W., 391 (writ refused).

We think the Stroberg case, supra, is entirely in point and is decisive of the issues in this case. We approve the holding in that case. Also the Supreme Court refused a writ of error in the Stroberg case, and we are unable to see how it was refused unless the court agreed with the holding of the Court of Civil Appeals on the issue of title, which to our minds, presented the same issue as is presented in the case at bar.

Therefore, in answer to the special issues certified by the Court of Civil Appeals, we answer that the record conclusively shows, as a matter of law, that appellant waived in the trial court the issue of appellee's title, and it was not necessary for him to prove his title in order to maintain suit against appellee for specific performance of the contract. This holding settles the issue of this case and it is not necessary to answer the questions seriatim.

We recommend that the questions propounded by the Court of Civil Appeals be answered in accordance with the above opinion.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified.

C. M. Cureton, Chief Justice.

ON MOTION FOR REHEARING.

Mr. Judge CRITZ. This case is now before us on motion for rehearing filed by the appellant, J. J. Richards. Our original opinion contains the following holding:

"It is not necessary to set out the contract in this opinion, but we will say that it is one, by its terms, susceptible of specific performance."

On motion for rehearing it is pointed out to us by appellant that the question as to whether the contract is susceptible of specific performance is one of the questions of law presented to the Court of Civil Appeals for its determination by appellant, but that such issue is not included in the questions certified to the Supreme Court. We find this to be true, and for that reason withdraw the part of the opinion above quoted. This is the only relief prayed for in the motion for rehearing.

For the reasons stated, we recommend that the motion for rehearing filed herein by the appellant, J. J. Richards, be granted, and the portion of the original opinion above quoted be withdrawn, but that the questions certified stand answered as originally recommended by us.