## RICHARDS v. CALLEY.

### No. 3151.

Court of Civil Appeals of Texas. Amarillo.
May 21, 1930.

Rehearing Denied June 18, 1930.

Lockhart, Garrard & Brown, of Lubbock, for appellant.

Vickers & Campbell, of Lubbock, for appellee.

HALL, C. J.

The appellee, Calley, filed this suit against appellant, Richards, to enforce specific performance of a contract for the exchange of real estate, and to recover the rental value of the premises which appellant had contracted to convey to appellee, and further to recover certain payments which appellee' alleged he had been forced to make on the land he had contracted to convey to appellant. He alleged that on April 23, 1926, that being the date of the contract, he was the owner in fee simple of 655.4 acres of land described in the petition, and which was incumbered with certain liens as follows: A lien to secure the Dallas Joint-Stock Land Bank in a debt of $8,000, and also a lien to secure Charles C. McNerney in an indebtedness of $1,500. That, at the time of the contract for the exchange of properties, appellant owned lot 15 in block 105 of the original town of Lubbock, which was incumbered with a lien to secure $4,000 due a loan company, and in addition thereto a lien securing $1,100 due for paving. That the parties entered into a written contract, which is set out in plaintiff's pleading. That appellant refused to consummate the deal, although plaintiff was ready, able, and willing to comply with his part of the contract, and so advised the appellant. Appellee further alleged that he had received rents from the land for the year 1926 in the sum of about $600, and had further paid the Dallas Joint-Stock Land Bank $1,120 and Charles C. McNerney $1,500 to prevent a foreclosure of their liens upon said property, which liens the appellant had assumed to pay, and for which sums appellant was indebted to him with legal interest thereon from the date of payment, less the rents which appellee had collected for the use of the lands. That appellant's property in the town of Lubbock was revenue producing to the extent of $125 per month, and if the appellant had consummated the contract appellee would have realized said sum of $125 per month as rent from July 1, 1926.

The appellant answered by general demurrer, special exceptions, and general denial, and that the contract set out in plaintiff's petition was executed by the parties with the express understanding that it would not be delivered until appellant had inspected the lands to be conveyed to him. That he did inspect the lands and decided that he did not desire to further execute the contract and so notified appellee, and thereupon the parties mutually agreed to abandon the trade and cancel the contract. It is further alleged that the contract was null and void for the reason that it was never delivered. That after its execution it was left in the hands of Judge Homer L. Pharr, who was to hold it until after appellant had inspected the land; and after appellant had inspected the land, and the contract had been mutually abandoned by the parties, the appellee called on Judge Pharr for the contract, and same was delivered to him without the knowledge or consent of appellant, and without any knowledge on the part of Judge Pharr as to what appellee intended to do with it. That after appellee obtained possession of the contract he acknowledged it before a notary public, and thereafter, for the purpose of clouding appellant's title, caused the same to be recorded in the deed records of Lubbock county. The prayer is for judgment and for removal of such cloud.

The jury found, in response to the single issue submitted by the court, that the contract had not been mutually abandoned by the parties. Based upon this verdict, the court rendered judgment in favor of Calley for specific performance of the contract, and that he recover of appellant, Richards, the title and possession of lot 15, block 105, in Lubbock, subject to the two liens existing against said lot, and that he further recover from appellant the sum of $2,750, the rental value of the lot from the 1st day of July, 1926, to the date of the judgment, less the sum of $589 rent which he had collected from the lands awarded to appellant, and that he further recover the sum of $2,620 which had been paid to the Joint-Stock Land Bank of Dallas and Charles C. McNerney. The court further decreed that appellee have a lien upon the 655.4 acres of land lying in Deaf Smith and Castro counties, and, in the event said amount was not paid within twenty days from the date of the judgment, appellee should have a foreclosure of the lien and an order of sale. The court further decreed that the appellant, Richards, do have and recover of and from appellee the said land lying in Deaf Smith and Castro counties, subject to the lien thereon existing in favor of the Dallas Joint-Stock Land Bank in the sum of approximately $8,000, and subject also to a second lien of $2,620 in favor of Calley.

The appellant, under appropriate propositions, first contends that the contract is incapable of specific performance because it is uncertain, incomplete, and ambiguous, for the reason that it contains a provision that Richards was to arrange time of payment of the indebtedness due on his property so as to satisfy Calley, and such provision shows that it is nothing more than a contract to make a contract in the future, and for said reason is unilateral.

The stipulation referred to under these provisions is as follows:

"It is further agreed that Richards is to arrange satisfactory time of payment of the indebtedness on his property to suit Calley, provided said property is conveyed to Calley as provided herein."

This is not a condition precedent, but by its terms seems to be a condition subsequent, and in any event is not an essential term of the contract. It relates purely to a collateral matter, and, if it be admitted that it is uncertain, it is not so material as to result in avoiding the contract. It is held that even where the consideration is not specifically set out, but the contract provides that it shall be satisfactory to the party against whom enforcement is sought, it is not for that reason objectionable for uncertainty. Hayes v. O'Brien, 149 Ill. 403, 37 N. E. 73, 23 L. R. A. 555. For a stronger reason the contract under consideration is not objectionable because of the provision that the time of payment of the consideration was to be so arranged as to suit the party seeking enforcement. That stipulation was inserted in the contract for the benefit of Calley. It being exclusively for his benefit, he had the right to waive it and did waive it prior to the institution of the suit. The filing of this suit is tantamount to a waiver of that provision. Moreover, he is not seeking specific performance of that provision in this action. Schneider v. Hildenbrand, 14 Tex. Civ. App. 34, 36 S. W. 784; Durham v. Breathwit, 57 Tex. Civ. App. 38, 121 S. W. 890; Texas & St. L. R. Co. v. Robards, 60 Tex. 545, 48 Am. Rep. 268.

In reply to certified questions, the Supreme Court has held that appellant has, as a matter of law, waived the issue of the sufficiency of appellee's title and in the original opinion stated that the contract was one, by its terms, susceptible of specific performance. Upon motion for rehearing the last holding was withdrawn because it was upon a question not included in the certificate. 23 S.W.(2d) 684; 25 S.W.(2d) 329. Though the last holding has been withdrawn, it is in accordance with our holding in our original opinion and as above declared.

Before certifying the question of title, we held that appellee could not enforce specific performance without proving his title was merchantable, but upon rehearing and reconsideration of the case of Strobung v. Walsh (Tex. Civ. App.) 203 S. W. 391, we concluded that we were probably in error and so certified the question with the result as stated.

Since the appellee has, as a matter of law, waived the issue of title of appellant's lands, and the contract is susceptible of specific performance, it remains for us to dispose of the other contentions.

■ The contract for the exchange of lands provides that each party is to assume the indebtedness against the several tracts of land to be conveyed to him by the other party. The judgment requires each party to take the land of the other subject to the indebtedness against it, without requiring the grantee to assume such indebtedness. In assuming the indebtedness as a part of the consideration for the exchange, the grantee would become personally liable for its payment and would be the principal debtor, but, if he took the property only subject to the indebtedness, that would not necessarily result in personal liability, but the creditor might be remitted to his remedy against the land. Slaughter v. Morris (Tex. Civ. App.) 291 S. W. 961; George v. Blumberg, 211 S. W. 309; Parten v. Martin (Tex. Civ. App.) 240 S. W. 1037; Neeley v. Lane (Tex. Civ. App.) 193 S. W. 390; 23 C. J. 204; 41 C. J. 718.

■ The judgment is further erroneous in that it fails to decree to each party a lien to secure the payment of any part of the incumbrances which either may be forced to hereafter discharge upon the lands previously owned by him. Neeley v. Lane, supra, and authorities cited.

■ In the supplemental brief appellant complains that the court erred in charging that the burden rested upon him to prove the defense of abandonment by preponderance of the evidence.

The appellant admitted the execution of the contract and sought to avoid liability by a plea of confession and avoidance, alleging that after he had inspected the land he went to see Calley and told him that he had decided not to consummate the contract, and that by mutual agreement the contract was abandoned.

This being an affirmative defense, we think the court correctly placed the burden of proof of the issue upon the defendant. In view of another trial, we think it is proper to say that the trend of the decisions seems to be toward eliminating a positive charge upon the burden of proof, and approve the practice of submitting the issues in such way as to inquire of the jury whether they find from the preponderance of the evidence, etc. Plains Drilling Co. v. Christy (Tex. Civ. App.) 25 S.W.(2d) 276. If the jury, however, is charged upon the burden of proof, it is better practice to direct where and not upon whom such burden rests. Stevenson v. H. & T. C. Ry. Co. (Tex. Civ. App.) 19 S.W.(2d) 207. If the court had omitted to charge upon the burden of proof, it seems that it would not have been reversible error. Western Union Telegraph Co. v. Rutledge (Tex. Com. App.) 15 S.W.(2d) 210.

■ We think the court should have submitted the various issues to the jury rather than basing the judgment upon his own findings, but since no special issues were requested the error has been waived.

On account of the fact that more than four years has elapsed since the contract was made, and the record before us does not and cannot now show the status of the parties and the conditions as they exist relative to the debts and incumbrances and payments thereon, we think the proper disposition to be made of the appeal is to remand the case in order that the court may hear the testimony and adjust the equities accordingly in decreeing specific performance.

The judgment is therefore reversed, and the cause remanded.