## PAUL v. STANOLIND OIL & GAS CO. et al.
### No. 2804.

Court of Civil Appeals of Texas. Beaumont.
June 14, 1935.

Rehearing Denied June 19, 1935.

Guynes & Colgin, of Houston, for appellant.

Turner, Rodgers & Winn, of Dallas, Follett & Hill, of Angleton, and E. J. Fountain, Jr., and Baker, Botts, Andrews & Wharton, all of Houston, for appellees.

COMBS, Justice.

This appeal was to the Galveston Court of Civil Appeals and is before us on transfer by the Supreme Court.

Appellees, Stanolind Oil & Gas Company and O. H. Shepherd, as plaintiffs, instituted this suit against appellant Steve C. Paul and against the Second National Bank of Houston, escrow agent, as defendants. The suit is in the nature of an action for specific performance to compel manual delivery of an oil, gas, and mineral lease executed by Paul to Shepherd on April 19, 1934.

It is shown that on the above date defendant Paul agreed to sell, and the plain-

tiff Shepherd agreed to buy, the oil and gas lease involved for a consideration of $960, subject to the acceptance of title by Shepherd after an examination of abstract to be furnished by Paul. Paul, who has been in the real estate business for some twenty years, prepared and executed the lease and the same was placed in escrow with the defendant Second National Bank of Houston, together with the check of plaintiff Shepherd for $960. At the time of the deposit of the lease and check with the bank, it was agreed between Paul and Shepherd that the lease was to be delivered to Shepherd and the money represented by the check was to be delivered to Paul upon acceptance of title by Shepherd. It was a controverted issue as to whether Shepherd was to have ten days or five days from the 19th of April, 1934, to accept the lease; it being Shepherd's contention that he was to have ten days and Paul's contention that he was to have only five. Paul furnished Shepherd a partial abstract, of the title, and by letter dated April 24th, mailed April 25th and delivered to Paul on April 26, 1934, Shepherd notified Paul that he would accept the lease. Paul declined to accept the purchase price or permit delivery of the lease to Shepherd by the bank, and this suit followed.

The bank, by its answer in this suit, alleged that it was a mere escrow agent or stakeholder, tendered into court the lease and the $960, and pleaded its willingness to deliver the lease and the money to such persons as should be determined by the court to be entitled thereto. The defendant Paul, by his answer, resisted the suit for specific performance on the ground that Shepherd had not exercised his right of accepting the lease within five days, and also on the further ground that he, Paul, had theretofore executed to various parties, whom he named, purchase contracts covering certain small tracts aggregating a considerable portion of the 160-acre survey described in the lease; that said contracts were valid and subsisting obligations of his; that in several instances which he set forth a considerable portion of the purchase price had been paid by the contract holders; that while said contracts were not acknowledged and not of record, that Shepherd knew of their existence, or by the exercise of reasonable diligence could have known of them, and that he, Paul, because of these outstanding contracts, could not specifically perform. By way of cross-action he pleaded mutual mistake and sought reformation of the lease so as to eliminate from it the various tracts covered by the contracts.

The lease describes the land covered by it as follows:

"The following described land in Brazoria County, Texas, to-wit:

"All that remaining portion of the following 160 acres of land not previously deeded; being the south (S. ½) one-half of Sec. No. 2 A. C. H. & B. Survey, Brazoria County, Texas."

It is shown that Paul had previously conveyed four tracts, aggregating about twenty-four acres, and the deeds of conveyance were on record. Appellees contend that the reference in the description to land "previously deeded" had reference to such conveyances. While appellant, in his effort to reform the lease, contends the reference is meant to include the unrecorded purchase contracts.

The contract holders were not parties to the suit. The plaintiffs, by their supplemental pleading, denied notice or knowledge of the alleged contracts, but further pleaded their willingness to pay the purchase price and accept delivery of the lease, agreeing to waive defects of title, and to accept whatever title the defendant Paul could convey by the lease.

Upon trial to a jury, the jury found that Shepherd had ten days within which to accept the lease. Under the instruction of the court the jury answered no further issues. Judgment was entered for plaintiffs decreeing specific performance.

■ We think the judgment of the trial court was proper. Appellant's contention that specific performance should be denied because of the existence of the outstanding purchase contracts is without merit. Appellees having tendered the full purchase price of the lease, with the agreement to accept whatever title appellant is able to convey by it, they were entitled to delivery. 58 C. J. 900; 25 R. C. L. 274; Heirs of Roberts v. Lovejoy, 60 Tex. 253; Durham v. Breathwit, 57 Tex. Civ. App. 38, 121 S. W. 890; Williams v. Pearman (Tex. Civ. App.) 164 S. W. 43.

■ Nor was it necessary for the trial court to submit to the jury the question of whether the appellees were innocent purchasers against the unrecorded purchase contracts. That issue could not be material in view of appellees' agreement to accept whatever title appellant can legally

convey. By their pleadings in the trial court and by their briefs filed in this court, appellees specifically waive all defects of title and agree to accept such title as the appellant has.

■ This holding disposes of appellant's propositions complaining of the action of the trial court in sustaining appellee's special exception, which had the effect of eliminating his plea of the existence of the purchase contracts. If the action of the trial court was error, it was harmless; for on the record before us, the matters pleaded constituted no defense, and appellant has sustained no injury by reason of the sustaining of the special exception.

■ Nor is it any defense. to specific performance that the clause in the lease contract relating to delay rentals was not filled in. The lease contract is for the term of five years and is in form an "unless" lease, providing for termination of the lease within one year unless a well is drilled within such time. It is complete in itself and imposes a greater burden on the lessee than would have been the case had delay rentals been provided for. Obviously, if the blank relating to delay rentals had been filled in the lessee would have had at his option two methods of continuing the lease in force beyond one year, one by drilling, and the other by paying delay rentals, whereas, under the lease as it stands, the lessee can extend the lease beyond the one-year period only by drilling. Certainly appellant is in no position to complain that the lease is more favorable to him than it would have been had the blank been filled in.

Finding no error, the judgment of the trial court is affirmed.