BENJAMIN FULTON ET AL. v. MARY E. ROBINSON ET AL.

(Case No. 2999.)

1. STATUTE OF FRAUDS — CONSIDERATION.— The following receipt: "Received of James Henderson three hundred dollars, in part payment of a certain tract of land, being my own headright, lying on Rush creek, in the cross timbers, this 23d March, 1859." (Signed) Israel Earles:" *Held*,

(1) That it was a sufficient written memorandum of a contract for the sale of land, though in the form of a receipt.

(2) To comply with the statute of frauds, the written memorandum of a contract for the sale of land should be so certain within itself, or by reference to other writings referred to, in regard to parties and subject matter, that specific performance may be enforced without a resort to parol testimony.

(3) Under such a receipt the consideration may be proved by parol.

APPEAL from Tarrant. Tried below before the Hon. H. Barksdale.

July 2, 1874, Mary E. Robinson and Sarah J. Choat (joined with their husbands), as heirs of Israel Earles, brought suit in "trespass to try title" for three hundred and twenty acres of land against Benjamin Fulton and Charles Harold.

July 13, 1874, defendants demurred and pleaded not guilty.

July 13, 1875, amending, defendants alleged that on 23d of March, 1859, one James Henderson bought of the

said Israel Earles the land sued for for $1,120, of which $300 was paid at the date of the purchase, and the balance, $820, February 11, 1860, to Russell, administrator of Earles, which purchase was evidenced by a receipt in writing, being a receipt which will be found set forth in the opinion.

That on February 11, 1860, Russell, administrator of Israel Earles, under an order of the probate court, made at its January term, 1860, requiring him to do so, executed to Henderson a deed for the land; that the money by him paid to Russell ($820) was duly accounted for by Russell as administrator, and that the plaintiffs received full benefit of the same in the distribution of the estate; that Henderson, at the date of the purchase, took actual possession of the land, which possession was surrendered to him by Israel Earles, and that Henderson and those under him had erected thereon valuable improvements. Defendant further pleaded limitation of three and five years.

The statement of facts shows, on the part of plaintiffs, a patent for the land sued for, and proof of heirship.

Defendants proved the proceedings in the probate court, consisting of Henderson's petition to the probate court for title, upon the receipt, offering to pay the remainder of the purchase money. The administrator, Russell, accepted service of citation, and the court by decree ordered the administrator to execute a bond for title on payment, and at a subsequent term an order for title and administrator's deed was shown for the land to Henderson.

Russell testified that Earles told witness, when in his last illness, and a short time before his death, that he had sold the land to Henderson, and had turned over the tenant to him; had not made a deed; this seemed to trouble him; that Henderson had paid part of the money. Witness himself collected $820 as administrator of Earles, of Henderson; the money was paid in coin, and the coin was

paid by witness over to the guardians of the children of Earles, including the plaintiffs.

*Terrell & Walker*, for appellants.

*Smith & Jarvis*, for appellees.

I. The receipt relied upon by appellants to establish a contract of sale by Earles to Henderson is fatally defective, in this: it contains no formal promise to convey, nor does it sufficiently state the terms of a contract to take it out of the statute of frauds, or to imply a promise to convey. It does not fix the price of the land, nor does it refer to any other writing fixing the price. Henderson, after Earles' death, fixed the deferred payment, by oral testimony, at $820. This could not be legally done. See Ellis *v.* Deadman, 4 Bibb, 466, a case exactly in point; Parkhurst *v.* Van Cortland, 1 Johns. Ch., 278; 6 Blackf., 21; 1 McCord, 425; Peters *v.* Phillips, 19 Tex., 74. In the case cited by appellants from 10 Tex., 444, possession was taken under the contract, and all the purchase money had been paid in the life-time of Vaughn.

II. There being no contract in writing for the sale of the land, and no promise in writing to convey, the probate court had no jurisdiction, and its proceeding, including Henderson's petition and the decree rendered thereon, was and is null and void. There being no jurisdiction, the court could not lawfully render any decree that would in any way affect the rights of appellees, or of their father's estate.

III. The payment of the $820 to the guardians of appellees, if indeed such payments were ever made, could not estop the appellees without the further proof that they, with knowledge of the facts, had received the money, or other thing of value in lieu thereof, from their guardians after obtaining their majority. Rorer on Judicial Sales, secs. 452, 455.

BONNER, ASSOCIATE JUSTICE.—If the receipt given by Israel Earles, deceased, to James Henderson, was such written agreement of the sale of the land therein mentioned as gave to the county court of Tarrant county jurisdiction to make the order directing S. B. Russell, as the administrator of Earles, to make the deed to Henderson, under the statute then in force (Pasch. Dig., 1313), then the deed made by the administrator, Russell, to Henderson constituted such legal title as would defeat the claim of plaintiffs as the heirs of Earles.

This receipt is as follows: "Received of James Henderson three hundred dollars, in part payment of a certain tract of land, being my own headright, lying on Rush creek, in the cross timbers, this 23d March, 1859.

"ISRAEL EARLES."

The mere fact that it was in the form of a receipt would not of itself defeat it as a memorandum of contract for the sale of land, if sufficient in other respects. Dial v. Crain, 10 Tex., 553; authorities cited in Peters v. Phillips, 19 Tex., 74.

Under the decision in the case of Peters v. Phillips, the memorandum would be sufficient under the above statute, if it was such as required by the statute of frauds. Pasch. Dig., art. 3875.

The general rule has often been announced in other courts as well as our own, that the memorandum under the statute of frauds should be so reasonably definite and certain within itself, or other writing referred to, as to parties, consideration and subject-matter, that specific performance can be enforced without a resort to parol testimony.

The cases in our own reports must be construed with reference to the question then under consideration, and the settled construction given to the statute by this court.

Following the line of our decisions, it is said in Thomas v. Hammond, that, in this state, the rule is settled that it

is not necessary that the consideration of a contract for the sale of lands should be expressed in writing. 47 Tex., 55; Ellett v. Brittain, 10 Tex., 208; Atkins v. Watson, 12 Tex., 199.

In the elaborate opinion by Chief Justice Hemphill, in the above case of Ellett v. Brittain, the authorities upon a kindred question to the one now before the court were reviewed, and the construction given to the statute in Packard v. Richardson, 17 Mass., 124, that the consideration need not be expressed in the writing, but might be proved by parol, was adopted; and it was said that the weight of American authority did not coincide with the rule to the contrary in Warn v. Walters, 5 East; and that laterly the force of this last named case had been much weakened in England.

The receipt being sufficiently certain in other respects, as to the parties and subject-matter, and as under the above authorities the consideration could be proven by parol, it constituted such memorandum as was sufficient, under the statute, to give jurisdiction to the county court. In deciding otherwise there was error in the judgment of the court below, for which it must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 11, 1881.]