| 67 | 341 |
| 76 | 512 |

| 67 | 341 |
| 78 | 497 |

## No. 2313.

### JOHN S. BITNER *v.* NEW YORK AND TEXAS LAND COMPANY.

1. DESCRIPTION.—A description of land contained in a deed is sufficient, if it clearly designates the certificate by virtue of which the land was located and patented, and the deed on its face conveys all the land located and patented under that certificate.

2. IMPROVEMENTS—TRESPASS TO TRY TITLE.—One who has improved the land of another being in possession *bona fide*, can not, upon setting up his claim for improvements in a suit involving title, be made to account for so much of the value of the use and occupation as has accrued from the improvements so made by him. (Rev. Stats., Art. 4814.)

3. CLAIM FOR IMPROVEMENTS—STATUTE CONSTRUED.—Construing section 5, of the final title of the Revised Statutes, as to its effect in trespass to try title on a claim for improvements, when possession was taken and the improvements were made while the Act of 1840 was in force, but the suit was not begun until after the adoption of the Revised Statutes, *held:*

   (1) Under the law in force when the defendant took possession of the land and improved it, he had the right to have the value of his improvements allowed him, if made in good faith. On the other hand, the plaintiff had the right to the value of the use and occupation of the premises, including that of the improvements, as an offset to his claim.

   (2) The right to rent that had accrued before the adoption of the Revised Statutes, was a vested right, reserved from the operation of the Statutes by their final title.

(3) Section 5 of the final title of the Revised Statutes applied as well to the use and occupation, after the Revised Statutes went effect. The privilege which the old Act gave of setting off against the claim for improvements, the value of the use, as well of the improvements as of the land, accrued when the improvements were made, and was a matter of substantial right, and not of remedy merely.

(4) The right of a party, who before the adoption of the Revised Statutes, placed valuable and permanent improvements on the land of another in good faith, believing the land to be his own, to have allowed him the value of the use and occupation of the land including such improvements, was a vested right.

APPEAL from Crockett.    Tried below before the Hon. F. A. Williams.

Cooper & Moore, for appellant, on the question involved regarding improvements, cited Revised Statutes, subdivision 2, article 4814; Sellman v. Lee, 55 Texas, 319. That the land was not sufficiently described, they cited Norris v. Hunt, 51 Texas, 614; Steinbeck v. Stone, 53 Texas, 386.

Nunn & Denny, for appellee.

GAINES, ASSOCIATE JUSTICE. The appellee was plaintiff in the court below, suing in an action of trespass to try title for the recovery of a tract of land, patented to the International and Great Northern Railroad Company, by virtue of certificate No. 3552, issued to that company on May 24, 1875, by the commissioner of the general land office. Appellant set up claim to one hundred and sixty acres of the land sued for, by virtue of a preemption survey.

The first assignment of error which we shall consider is to the effect that the court erred in admitting in evidence, over defendant's objection, the deed from the railroad company to John S. Kennedy and others, and also two other deeds in plaintiff's chain of title. The ground of objection was that there was no sufficient description of the land. The deeds convey all of the lands located by virtue of the certificates issued to the International and Great Northern Railroad Company, and give the number of the certificates, among which is No. 3552, by virtue of which this land was patented, but do not give the field notes of the surveys. The land in controversy was then located. By reference to the records of the surveyor's office, and of the general land office, the land conveyed could be definitely ascertained, and

hence the description is sufficient.    The rule that that is certain which can be made certain, applies to this description.

We need not consider the other assignments in detail.    They raise the question of the right of appellee to have the value of the use and occupation of the land occupied by appellant, set off against his improvements.    It is contended by appellant that, if he was a purchaser in good faith and made all the improvements on the land, he was not chargeable with any rents.    It seems that the proper construction of article 4814 of the Revised Statutes is that one who has improved the land of another, being in possession bona fide, upon setting up his claim for the value of his improvements, can not be made to account for so much of the value of the use and occupation as has accrued from the improvements so made.    But appellant's own testimony shows that most of the improvements on the land claimed by him were made in the years 1876 and 1877.    If any were made before the Revised Statutes went into effect, the evidence does not diclose it.

The act of February 5, 1840 (Pas. Dig., art. 5300), was then in force, which established a different rule, and required the value of the use and occupation to be assessed, both upon the land and the improvements. The question, therefore, is, which law applies to the case?    The precise point seems not to have been determined by this court.    In the case of Mitchell v. Balderas, decided at the Tyler term, 1885, but not reported, this court held that, in suits instituted under the old law, that law applied, although the Revised Statutes was in operation at the time of the trial.    This case was cited, with approval, in Steed v. Petty, 65 Texas, 490, which involved a similar question.    But, in the latter case, also, the proceeding was originally instituted while the old law was still in force.

We quote from section 5 of the final title of the Revised Statutes (p. 718):    "The repeal of any statute or any portion thereof by the preceding section, shall not affect or impair any act done, or right vested or accrued, or any proceeding, suit or prosecution, had or commenced in any cause before such repeal shall take effect, but every such act done, or right vested or accrued, or proceeding, suit or prosecution, had or commenced, shall remain in full force and effect to all intents and purposes, as if such statute or part thereof so repealed, had remained in force," etc. It will be observed, that this provision applies in express terms to all suits commenced before the new laws went into operation, and that therefore the cases cited are not decisive of the question

now before us.   Here the possession was taken and the improvements were made while the Act of 1840 was in force, but the proceeding was not commenced until after the revised statutes went into effect.

By the law then existing, when appellant took possession of the land and made the improvements, he had the right to have the value of his improvements allowed him, if made in good faith; on the other hand, appellee had a corresponding right to the value of the use and occupation of the premises, including that of the improvements, as an offset to his claim.

There can be no question as to the rent which accrued before the Revised Statutes.   That had become a vested right which is expressly reserved by the section which has been quoted.   We think, also, that the section must be held to apply as well to the use and occupation for the time after the new statutes went into operation.   The privilege which the old Act gave of setting off against the claim for improvements the value of the use as well of the improvements as of the land, accrued when the improvements were made, and was a matter of substantial right and not a mere matter of remedy.

In Hall v. Wooters, 54 Texas, 231, in deciding that the appellant was entitled to bring a second suit of trespass to try title, the court say:   "When the first action was commenced, the plaintiff had a right to a second action, and may have relied on that right in suing and going to trial.   To take away that right, and thereby make the judgment conclusive, would materially affect his suit, operate to his prejudice, and be inconsistent with what we think is implied or assumed in Article 4811.   To the extent necessary to prevent vested or accrued rights, or a suit commenced, from being affected or impaired, the section last quoted (sec. 5) continues in force statutes otherwise repealed." Now, if the privilege of bringing a second action, allowed by the former law, became a vested right as to all suits instituted before its repeal, we think for a stronger reason the right of a party to the value of the use and occupation of the land, including improvements put upon it in good faith, must be held to be preserved by the section of the Revised Statutes under consideration.

Appellee showed a clear title to the land, and the jury found for it under the instructions of the court, and also found that the value of the use and occupation of the land, including the improvements, was equal to the value of the improvements. Appellee had judgment for the land simply and for costs.   The

verdict of the jury is well sustained by the evidence. Indeed they could not have found otherwise under the testimoney, unless they had found a verdict more favorable to appellee. Under this state of case it is unnecessary to consider the other assignments of error.

If there be error, it did not prejudice appellant's case, and it is immaterial and not a ground for reversal.

The judgment is therefore affirmed.

*Affirmed.*

Opinion delivered February 8, 1887.