F. M. Cunyus v. Hooks Lumber Company.

Decided January 18, 1899.

1. Sale of Land—Description—Specific Performance.

A written contract to sell a tract of land "known as the Vanmeter survey, being 2000 acres, more or less," was not void for insufficient description, and was capable of specific enforcement as a contract to convey an undivided 2000 acres, where there was but one Vanmeter survey in the county and the party contracting owned 2000 acres therein.

2. Practice on Appeal.

The appellate court should remand the cause on reversing a judgment refusing specific performance of a contract to sell land, where the contract specified no time for payment and there was no finding that tender was made in a reasonable time.

Appeal from Hardin. Tried below before Hon. L. B. Hightower.

F. M. Cunyus, appellant, pro se.

Key, Associate Justice.—Appellant instituted this suit against Geo. W. Hooks, W. B. Strickland, and John Sutherland, alleging that they were partners, doing business under the firm name of the Hooks Lumber Company. The suit is founded upon the following contract:

"Kountze, Texas, March 29, 1899.

"We hereby agree to sell F. M. Cunyus one certain tract of land known as the Vanmeter survey, being 2000 acres, more or less. It is understood that we, the Hooks Lumber Co., reserve all timber on said land, and agree to move said timber in four (4) years, price of land after timber being removed, 10 cents per acre. We have received $5 as part payment.

"The Hooks Lumber Company,
"Sutherland."

The plaintiff alleged that he had tendered to defendants $195, the balance of the purchase money for the land, and prayed that defendants be compelled to convey the land to him, or, if it should appear that they can not do so, that he recover the difference between the contract price and the value of the land, as damages. He also described the land referred to in his petition and exhibit "A" thereto attached, as follows: "Situated in Hardin County, Texas, part of the survey originally granted to S. K. Vanmeter, beginning at the southwest corner of said survey," etc., giving the metes and bounds of the land sued for.

The defendants answered by general and special exception and general denial. Upon trial, the court overruled the exceptions to the plaintiff's petition, and after hearing the testimony rendered judgment for the defendants.

The testimony shows that there is an S. K. Vanmeter league survey of land in Hardin County, Texas; that it is the only Vanmeter survey

in that county, and at the time the contract was made, the Hooks Lumber Company claimed to own 2000 acres of said survey.

The court below held, as matter of law, that the description of the land, as set out in the contract, is not sufficient and can constitute no basis for the action brought by the plaintiff; and it appears that this is the reason why the judgment was rendered for the defendants.

If error was committed in the ruling referred to, there is testimony tending to establish such state of facts as would authorize the plaintiff to recover. We think the court was wrong in the construction placed upon the contract. If, as shown by the testimony, there was a survey of land, known by the parties to the contract as the Vanmeter survey, situated in Hardin County, Texas, and there was no other survey known to the parties by that name, the contract must be construed as having application to that survey; and as the plaintiff only claims that it obligated the defendants to sell him 2000 acres thereof, we need not consider whether or not it included the entire survey. It certainly embraced as much as an undivided interest of 2000 acres.

Because the court erred in the ruling referred to, the judgment will be reversed, but the record is not in such condition as authorizes us to render judgment in this court.

The time within which plaintiff was to pay for the land is not fixed by the terms of the contract, and as the court did not find that he tendered performance within a reasonable time after the contract was made, and as his right to recover is dependent upon that fact, the case must be remanded for another trial. Both parties appear to have treated the contract as merely securing to the plaintiff an option to purchase the land, and if such was the intention, and if plaintiff failed to tender payment within a reasonable time, he lost all the rights secured to him by the contract. See Williams v. Graves, 7 Texas Civ. App., 356, and authorities there cited.

*Reversed and remanded.*