GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
G. W. JORDAN & BRO.

Decided January 26, 1901.

**1.—Charge on Weight of Evidence—Negligence—Fires Set by Engine.**

A charge instructing that for defendant railway company to permit dry and inflammable matter to accumulate and remain upon its right of way would be such negligence upon its part as would make it liable for any damage occasioned by fires through such negligence, was error as being on the weight of evidence.

**2.—Same—Prima Facie Negligence—Rebutting—Condition of Engine.**

It was not error, nor on the weight of evidence, for the court to charge that, if the fire was caused by sparks from an engine, such fact would prima facie establish negligence on the part of the railway company; but a further clause instructing that, in order to rebut such prima facie case, the defendant company must show to the satisfaction of the jury that the engines were in good condition, was erroneous, as requiring a higher degree of certainty than the law requires.

Appeal from the County Court of Bosque. Tried below before Hon. H. C. Cooke.

*J. W. Terry, H. S. Dillard* and *B. K. Goree,* for appellant.

*Word & Word,* for appellees.

HUNTER, ASSOCIATE JUSTICE.—This suit was originally brought

in the Justice Court by appellees against the appellant to recover $196, damages for negligently burning and causing to be burned twenty-eight tons of sorghum hay in stacks in the field through which the railroad was located, alleged to be worth $7 per ton. The defense was a general denial.

Judgment was rendered for plaintiff in the Justice Court for $196. The company appealed to the County Court, where the case was tried by a jury, and judgment again went against it, but for $165 only. From that judgment this appeal is taken.

On the trial the court, among other things, charged the jury as follows: "You are also instructed that to permit dry and inflammable matter to accumulate and to remain upon its right of way, would be such negligence on defendant's part as would make defendant liable for any damage occasioned by such negligence." It is objected that this was a charge upon the weight of the evidence, and this assignment we sustain.

The third assignment complains of the charge of the court as being on the weight of the evidence, wherein the court instructs the jury that if the fire was caused by sparks from the engine such fact would, prima facie, establish negligence. This objection is not good, as has often been held in this kind of case. But there is a reversible error in the latter part of this paragraph of the charge which is not pointed out by appellant's counsel, but in view of another trial we think it not improper to call the court's attention to it, and that is in requiring the defendant, in order to rebut this prima facie case of negligence, to "show to the satisfaction of the jury that the engines were in good condition," etc. This is requiring a higher degree of certainty than the law requires. Moore v. Stone, 36 S. W. Rep., 909, and cases there cited.

We find no other errors in the charge nor in the proceedings otherwise. We will not pass upon the complaint that the evidence did not sustain the verdict as to the large or third stack of hay, as the same question may not arise on another trial.

The judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*