STROBURG v. WALSH. (No. 5853.)

(Court of Civil Appeals of Texas. Austin. Feb. 20, 1918. Rehearing Denied March 27, 1918.)

1. EVIDENCE ⟶460(4) — PAROL EVIDENCE— AIDING CONTRACT DESCRIPTION OF LAND.

Oral testimony, while inadmissible to supply a total want of description of land contracted for, is admissible to make more certain an imperfect description in the contract; that is, to identify the subject-matter, where the contract furnishes the key to such identification, it describing it as vendor's "553-acre farm in A. county," and the oral testimony showing he owned in such county a farm of that size, less 2 acres which he had conveyed for school purposes, and that he owned no other land in that county.

2. SPECIFIC PERFORMANCE ⟶116—PROOF OF TITLE—WAIVER OF ISSUE.

That defendant, in suit for specific performance of his contract to buy lots, waived the issue of title, is sufficiently shown by the facts, that though pleading the general denial, he did not allege as a defense want of title; did allege that he never made the contract, but simply signed it on the agreement that it should not be delivered, and should not take effect, except on a third person making an agreement, which he failed to do; permitted plaintiff to testify without objection that he had good title; and while receiving the abstract, provided for by the contract, never had it examined, and never claimed it did not show good title in plaintiff.

3. SPECIFIC PERFORMANCE ☞96 — TENDER OF DEED BEFORE SUIT.

Plaintiff before bringing suit for specific performance need not tender a deed, which he pleads and testifies he was at all times ready and willing to make, defendant having repudiated the contract, on the ground that he never made it, rendering it useless to make tender.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Suit by Ed. J. Walsh against J. A. Stroburg. Judgment for plaintiff, and defendant appeals. Affirmed.

A. O. Sandbo, Jno. E. Shelton, and White, Cartledge & Graves, all of Austin, for appellant. Hart & Patterson, Dickens & Dickens and D. J. Pickle, all of Austin, for appellee.

### Findings of Fact.

JENKINS, J. On March 19, 1915, appellant and appellee entered into the following written contract:

"Ed. J. Walsh will buy of Dr. Stroburg his 553-acre farm in Archer county, at $35 per acre, amounting to $19,355; and Dr. Stroburg will take of Ed. J. Walsh the following lots in the Walsh addition, near the dam on the Colorado river, west of Austin, amounting to $20,355, to be figured at $19,355, as follows: * * * [Here follows a list of the lots, giving number of each lot, the size of same, the number of the block in which the same is situated, and the price of each]. Both parties to furnish abstracts up to date, guarantee good title, pay all taxes to January 1, 1915, and possession of the different tracts at closing of deal; deal to be closed as soon as possibly can be done. Said Ed. J. Walsh will also furnish Dr. Stroburg a separate printed abstract for each lot as soon as this possibly can be done after closing the deal, one abstract being furnished now to Dr. Stroburg for examination.

"Witness our hands in triplicate, at Austin, Texas, this 19th day of March, 1915.

"J. A. Stroburg.
"Ed. J. Walsh."

The Dr. Stroburg mentioned in said contract and the J. A. Stroburg who signed the same are one and the same person. Prior to signing said contract, and pending negotiations in reference thereto, appellant had furnished appellee an ink sketch of his land, showing the same to be in a parallelogram, containing 553 acres, all level, 440 acres in cultivation, 113 acres in pasture, and showing the location thereon of two houses, two barns, a large tank, a well, and a schoolhouse. On the margin of this sketch was written in pencil, "27 miles S. E. of Wichita Falls, 5 miles east of Dundee, the nearest station, black sandy loam, about 400 acres in cultivation." Appellee, prior to signing the contract, had gone to Archer county and looked at the land.

The oral testimony identified the land mentioned in the contract to be conveyed by appellant. It was in substance that appellant owned 553 acres of land in Archer county, Tex., less two acres that he had conveyed for school purposes, and that he owned no other land in said county; that the land was

a farm answering to the description given of the same in the sketch above referred to; that it was all of the 640-acre survey No. 5 in the name of Hooper and Wade, located by virtue of certificate No. 13, and patented to John N. Lyle, assignee, October 30, 1876, by patent No. 304, vol. 25, conveyed to appellant by L. Blaschka, January 24, 1906, as appears from the deed records of Archer county, Tex., vol. 38, p. 361, except about 87 acres thereof which had been lost by limitation prior to the purchase thereof by appellant.

Appellee furnished appellant an abstract of title, which he never had examined, and which he has never returned. Appellant never made any objection to appellee's title, and did not in his answer herein point out any objection to such title. Shortly after the contract was signed, appellant sought to change the same by requesting appellee to substitute a house and lot in Austin for a number of the lots. Appellee refused to concede to this request. In addition to exceptions and a general denial, appellant in his answer repudiated the contract, alleging that the same was to take effect only on condition that one F. H. Smith would trade his house and lot in Austin for some of said lots, and that Smith had refused to make such trade.

The case was submitted on special issues, and the jury found against appellant on this and all other issues submitted. The court rendered judgment for specific performance, divesting title out of appellant to the 551 acres of land, and vesting the same in appellee, and that appellant be required to accept a warranty deed to the lots.

### Opinion.

Appellant has filed 30 assignments of error. Appellee has filed objections to the consideration of 22 of these, upon the ground that they are too general to meet the requirements of the statute and rules in reference to assignments. Taken in connection with the propositions and statements thereunder, we think that the assignments objected to are sufficiently specific and we therefore overrule said objections.

Some 20-odd of appellant's assignments and the propositions raise substantially the following issues:

(1) That the petition does not sufficiently describe the land as to which specific performance is sought.

(2) That the contract is not sufficiently certain as to the land to be conveyed by appellant to form the basis for a decree for specific performance.

(3) That it was error to admit oral testimony to identify said land.

(4) That the oral testimony, taken in connection with the written contract, is insuffi-

cient to support a judgment for specific performance.

1. Our findings of fact dispose of point No. 4, supra.

2. The petition sets out the contract, and contains other averments of description. It is sufficient, if the contract is not void for uncertainty, and if oral testimony is admissible to aid the description of the land mentioned in the contract.

[1] 3. That oral testimony is admissible, in a proper case, to identify the subject-matter of a contract is too well settled to require the citation of authorities in support of the proposition. A conveyance of land, or a contract to convey the same, may contain a minute and accurate description of the land, and yet it may, and in many cases would, require oral testimony to identify the land. For example, a deed to a lot may describe the same as lot No. 2, in block No. 15, in Austin, Tex., as shown by the map of said city, giving volume and page where same is recorded, and yet such deed would not convey to any one not familiar with such city any idea as to the location of such lot. But no one denies that its location might be proven by the oral testimony of any one who was familiar with the location of such lot. The same would be true if the lot was described as being located at the intersection of certain named streets, or if a tract of land was described with reference to certain natural or artificial monuments.

Of the four points above mentioned, it remains to consider only whether the contract in the instant case is a proper one for the admission of oral testimony to identify the tract of land therein mentioned. It has been the recognized law since the day of Lord Bacon that a patent ambiguity cannot be cured by oral testimony. That is to say, where the terms or subject-matter of a written contract do not appear upon the face of the instrument, and no reference is made therein to anything else from which the same might be ascertained, no evidence will be admitted to aid in rendering certain that which the contract leaves in doubt. For example, if the contract be to convey, "piece of land supposed to be 40 acres," here there is nothing to indicate what 40 acres is to be conveyed, and no reference is made to anything which if followed up by oral testimony would show what land was intended to be conveyed. This is a patent ambiguity, and the contract is void. Jones v. Carver, 59 Tex. 294.

Oral testimony is not admissible to prove the terms of a contract required by law to be in writing, or which the parties have put in writing, but such evidence is admissible to apply the terms of the contract to the subject-matter; that is to say, to identify such subject-matter where the contract itself furnishes the key to such identification. In other words, such is not admissible to supply a total want of description, but is admissible to make more certain the imperfect description given in the contract. Thus, if the contract in Jones v. Carter, supra, had been to convey a piece of land supposed to be 40 acres owned by him in a named survey, it would have been permissible to prove that Carter owned a certain 40 acres in said survey, and that he owned no other land therein. Such a description would have been regarded as certain under the maxim, "That is certain which can be made certain." Brainard v. Jordan, 60 S. W. 784; Taffinder v. Merrell, 95 Tex. 101, 65 S. W. 177, 93 Am. St. Rep. 814; Morrison v. Dailey (Sup.) 6 S. W. 427; Bitner v. Land Co., 67 Tex. 341, 3 S. W. 301; Ryan Lumber Co. v. Ball, 177 S. W. 232; Hughes v. Adams, 55 Tex. Civ. App. 197, 119 S. W. 134; Slaughter v. City of Dallas, 101 Tex. 315, 107 S. W. 48; McAmanus v. Orkney, 91 Tex. 35, 40 S. W. 715; Cunyus v. Lumber Co., 20 Tex. Civ. App. 290, 48 S. W. 1106; Beaton v. Fussell, 166 S. W. 458; Anderson v. Hall (Mo.) 188 S. W. 81; Bates v. Harris, 144 Ky. 399, 138 S. W. 276, 36 L. R. A. (N. S.) 154; Bateman v. Hopkins, 157 N. C. 470, 73 S. E. 133, Ann. Cas. 1913C, 642; Crotty v. Effler, 60 W. Va. 258, 54 S. E. 345, 9 Ann. Cas. 770; Keepers v. Yocum, 84 Kan. 554, 114 Pac. 1063, Ann. Cas. 1912A, 748; Waring v. Ayres, 40 N. Y. 357; Head v. Sanders, 189 Ala. 443, 66 South. 621; Burns v. Witter, 56 Or. 368, 108 Pac. 129; Lente v. Clarke, 22 Fla. 515, 1 South. 149. Such being the law, we overrule all of appellant's assignments of error involving the issue of uncertainty as to the contract sued upon, and the admission of oral testimony in reference to the same.

[2] Appellant contends, under an appropriate assignment of error, that judgment should not have been rendered for appellee, for the reason it was not shown that he had title to the lots described in the contract, and also for the further reason that appellee did not prior to filing suit tender appellant a warranty deed to the lots described in the contract.

Where a party to a contract to purchase lands refuses to comply with the contract, for the reason that the vendor cannot make a good title and alleges such fact in his answer, the burden is on the plaintiff to show title. Upton v. Maurice, 34 S. W. 642; 36 Cyc. 694, 695. Appellant did not plead want of title in appellee. Whether or not, under our form of pleading, the general denial in a suit for specific performance puts in issue the plaintiff's title need not be decided in the instant case, for the reasons: First, appellee testified, without objection, that he had good title to the lots, and there was no evidence to the contrary. In the second place, while the failure to plead want of title in appellee may not of itself be a waiver of proof of title, yet taken in connection with the further fact that appellee set up a specific reason why the contract should not

be enforced, viz. that he never made such contract, but that he signed the same upon the agreement that it should not be delivered, and should not take effect unless Smith should first agree that he would exchange his home place in Austin for some of said lots (upon which issue the jury found against appellant); that he did not allege as a defense want of title in appellee; that he permitted appellee to testify, without objection, that he had good title; that he received the abstract provided for in the contract, and never had the same examined; that he never claimed that the abstract did not show good title in appellee. All these combined are sufficient to show that appellee waived the issue of title. Such acts constitute an implied acceptance as to title. 39 Cyc. 1541, 1566; Prichard v. Mulhall, 140 Iowa, 1, 118 N. W. 46; Kenefick v. Shumaker (Ind. App.) 116 N. E. 319–322.

[3] For like reasons we hold that it was unnecessary for appellee to tender to appellant a deed prior to bringing suit. Appellee testified that he had at all times been ready and willing to make appellant a general warranty deed to the lots in question, and alleged in his petition his willingness to make such deed; and the judgment of the court was that he should make such deed. Appellant having repudiated the contract, upon the ground that he never made it, it was useless for appellee to tender him a deed. It was in effect refused in advance of such tender, and the law does not require a useless thing.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.