**SORSBY v. THOM et al.**

No. 10637.

Court of Civil Appeals of Texas. Galveston.

Oct. 27, 1938.

Rehearing Denied Dec. 15, 1938.

Sam G. Croom, of Houston, and W. H. Betts, of Hempstead, for appellant.

Pitts & Liles, of Conroe, and George H. Cavanagh, of Houston, for appellees.

GRAVES, Justice.

This statement, adopted by the appellees as being correct, is taken from appellant's brief:

"This suit was filed in the District Court of Waller County, Texas, by E. D. Sorsby, plaintiff, against Frances E. Thom, individually and as agent or trustee for all of the joint-owners of certain land described in plaintiff's petition, H. N. Cordsen, Walter H. Cordsen, B. H. Cordsen, A. G. Olson, N. B. Ison, and Roy Chapman, defendants, for the specific performance of a written contract to purchase the tract of land described in plaintiff's petition, and in the alternative for damages and the return of the earnest-money deposit of two thousand ($2,000.00) dollars.

"The defendants, in their answer, urged a general demurrer to plaintiff's petition on the ground that the contract sued upon was in violation of the Statute of Frauds and the Statute of Conveyances, and was insufficient to support an action for either specific performance or damages.

"Upon a hearing on the general demurrer on April 15, 1937, the court sustained the general demurrer, and thereupon plaintiff declined to amend, and the cause was dismissed by the court. The plaintiff in open court excepted to said ruling, and gave notice of appeal to this Honorable Court."

The sole questions presented on the appeal are these:

(1) Whether or not the description of the property employed in the contract of sale sued upon was sufficient under the Statute of Frauds to support this action for specific performance of that contract, and in the alternative for damages for breach thereof;

(2) Whether or not it was indispensable that the contract itself reveal the names of the vendors, and that the authority of the agent, Loggins, to sell the land in question be in writing.

■ It seems clear to this court that both these queries should be resolved in appellant's favor; R.S. article 3995, known as the Statute of Frauds, and article 1288, known as the Statute of Conveyances, deal with materially different situations, the failure to distinguish which appears to have led to the judgment appealed from; this having been, as indicated, a suit merely upon a contract of sale, not upon a conveyance of any sort, it is plain that question No. 2, supra, which could only have been applicable under cited article 1288 to a suit affecting a conveyance, had no application here; for that reason it was not necessary that this contract of sale of land should have revealed the names of the vendors, nor that the authority of the agent, Loggins, to sell it should have been authorized in writing, the applicable Statute of Frauds not so requiring, under these authorities: Art. 3995, R.S.1925; 2 Tex.Jur. 397; Tynan v. Dullnig, Tex.Civ.App., 25 S.W. 465; Marlin v. Kosmyroski, Tex.Civ.App., 27 S. W. 1042; Donnell v. Currie, 62 Tex.Civ. App. 134, 131 S.W. 88; Houston Oil Co. v. Payne, Tex.Civ.App., 164 S.W. 886; Armstrong v. Palmer, Tex.Civ.App., 218 S. W. 627; Godfrey v. Central State Bank, Tex.Civ.App. 5 S.W.2d 529, at page 536.

■ As affects question No. 1, it seems equally clear that the description of the property contained in the written contract of sale in suit is sufficient to support the action for specific performance, or for the breach thereof, and that, under the allegations in appellant's trial petition, the parol evidence was admissible to explain the description of the property used in the writing, as well as to apply it to the property itself.

The contract declared upon, consisting of a letter and earnest-money receipt, was as follows:

"Hempstead, Texas,
"September 24, 1935.
"Mr. E. D. Sorsby,
"Hempstead, Texas.
"Dear Mr. Sorsby:

"I hereby acknowledge receipt of check of $2,000.00 given me by you as earnest money to bind the sale of Rock Island Plantation to you at an agreed price of $17.50 per acre, to be paid in cash by you upon delivery of deed properly signed by all of the owners of said land, conveying said land to you free and clear of all debts and liens.

"It is agreed that possession of said land will be delivered to you by November the 1st, 1935.

"It is further agreed that you will be delivered a complete abstract of title of said land for the purpose of having your attorney examine it. The owners of the

said land are to pay all expenses in making a good title to you. The $2,000.00 that I am receipting for is to be applied to the total payment of said land.

"If the title of land is not good, and cannot be cured in thirty days after your attorney examines the abstract, it is agreed that upon request by you I will return the earnest money to you.

"If the title is good and you refuse to accept the deed, and pay the balance of the cash then due, it is agreed that the $2,000.00 will be forfeited by you.

"I represent that I am agent for all the owners of said land, and have been authorized to sell it for $17.50 per acre.

"Yours very truly,

"(Signed)   R. R. Loggins,
"Agent for Owners of Rock
Island Plantation.

"Accepted: (Signed)   E. D. Sorsby."

"Hempstead, Texas, September 24, 1935.

"Received of E. D. Sorsby—two thousand ($2000.00) dollars as earnest money to be used in and for the purchase of the 1259-¾ acre tract of land, most known as the Cordsen Rock Island Ranch Tract.

"(Signed) R. R. Loggins, Sales Agent in and for the Cordsen Land."

In addition to the writing itself, the following facts were pleaded in the trial petition as the basis for the admission of parol evidence in connection with the written contract and in aid of the description therein contained, to-wit:

"(1) The letter contract was written in Hempstead, Texas, dated September 24, 1935, and directed to E. D. Sorsby at Hempstead, Texas. Hempstead is the County seat of Waller County.

"(2) In the letter the property is described as 'Rock Island Plantation'.

"(3) The earnest-money receipt bears the same date as the letter and shows on its face to have been written in Hempstead, Texas. The receipt states the number of acres being sold, to-wit, 1259-¾ acres, and describes the property as 'Cordsen Rock Island Ranch tract'. The receipt is signed by R. R. Loggins, Sales Agent in and for the Cordsen land.

"(4) The property has been notoriously known all over Waller County as 'Rock Island Plantation' for a period of at least twenty-five years.

"(5) The property has been known notoriously all over Waller County as the 'Cordsen Rock Island Ranch Tract' for fourteen years.

"(6) That this property was the only property and all of the property owned by the Cordsens in Waller County, Texas.

"(7) E. D. Sorsby, the purchaser, and R. R. Loggins, the defendants' agent, each knew the location on the ground of the property described in the contract of sale, and each intended the contract to apply to the Cordsen 1259-¾ acres described by metes and bounds in plaintiff's petition, and described in the contract of sale as above stated.

"(8) The defendants immediately furnished the plaintiff with an abstract of title to said property certified to date, which abstract of title was examined by plaintiff's attorney, and showed a good and marketable title to said property in the Cordsens, except as to certain liens."

That this writing—with the aid of such tendered parol proof—was sufficient to support the declared-upon cause of action, is made manifest by the rules applied in these authorities: Porch v. Rooney, Tex.Civ. App., 275 S.W. 494, 496; 14 Tex.Jur. 990, and cases cited; Blackwell v. Scott, Tex. Civ.App., 223 S.W. 334; 14 Tex.Jur. 998; Battle v. Wolfe, Tex.Civ.App., 283 S.W. 1073; Linney v. Wood, 66 Tex. 22, 17 S. W. 244; 38 Tex.Jur. 685, 686; 17 Tex.Jur. 881; 29 Tex.Jur. 833; Holman v. Houston Oil Co., Tex.Civ.App. 152 S.W. 885, at page 890; Watson v. Baker, 71 Tex. 739, 9 S.W. 867; Arthur v. Ridge, 40 Tex.Civ. App. 137, 89 S.W. 15; Beaton v. Fussell, Tex.Civ.App., 166 S.W. 458; Reed v. Mahone, Tex.Civ.App., 281 S.W. 277.

The description in the contract here involved was certain, in the sense that it was susceptible of being made certain by the extrinsic testimony pled and tendered—that is, it furnished a ready means of identification of the property that formed its subject-matter by referring to it as the "Rock Island Plantation" and as the "Cordsen Rock Island Ranch Tract", both susceptible of accurate location on the ground from parol proof.

It is true the contract does not specify the survey, town, county, or state, where the land is situated; but since it does unmistakably furnish such other sufficient means of identifying the property intended to be conveyed, those omissions are not fatal to it under these well settled holdings. Ragsdale v. Mays, 65 Tex. 255;

278

Miller v. Hodges, Tex.Com.App., 260 S.W. 168, at page 170; Chestnut v. Casner, Tex. Civ.App., 42 S.W.2d 175.

Further discussion is deemed unnecessary, since these conclusions require the reversal of the judgment and the remanding of the cause for another trial; it will be so ordered.

Reversed and remanded.

PLEASANTS, C. J., absent.