## KRUEGER v. W. K. EWING CO., Inc.
### No. 3934.

Court of Civil Appeals of Texas. El Paso.

April 4, 1940.

Terrell, Davis, Hall & Clemens, of San Antonio, for appellant.

Clinton G. Brown, Jr., and Brooks, Napier, Brown & Matthews, all of San Antonio, for appellee.

WALTHALL, Justice.

This case presents an appeal from an order of the District Court of Bexar County, Texas, overruling appellant's plea of privilege to be sued in Victoria County, Texas, the county of his residence and where he resided at the time the suit was filed.

W. K. Ewing Company, Inc., as plaintiff, filed this suit in the District Court of Bexar County, Texas, against A. W. Krueger, as defendant, seeking specific performance of an alleged written contract, by the terms of which, it is alleged, plaintiff sold to defendant, and defendant bought from plaintiff, certain real estate known and described as the "San Gabriel Apartments," for the sum of $52,000, the amount of the alleged purchase price, with interest from May 5, 1938, at five per cent per annum, and for foreclosure of its vendor's lien upon said property.

Defendant seasonably filed a plea of privilege in statutory form asserting his right to be sued in Victoria County, Texas, the county of his residence.

Plaintiff filed a controverting affidavit reiterating the same facts stated in its original petition, upon which the case went to trial, and contended that, under the facts pleaded, the suit was maintainable in Bexar County.

The court overruled the defendant's plea of privilege.

The defendant duly excepted and perfected his appeal, and the case is now properly before us for review.

The suit is for specific performance of a written contract of sale of real estate in which plaintiff seeks a money judgment and a foreclosure of its implied vendor's lien.

At the hearing on defendant's plea of privilege plaintiff introduced its original petition on which it went to trial as showing the nature of the suit. Plaintiff then introduced three letters which it alleged formed the contract of sale relied upon by it. The letters are as follows:

> "San Antonio, Texas,
> March 30, 1938

"W. K. Ewing Co., Inc.
San Antonio, Texas.
> Attention of Mr. Wolff, President.
Gentlemen:

On behalf of Mr. A. W. Krueger of Victoria, Texas, I hereby offer you $52,000.00 for the San Gabriel Apartments, the purchase price to be paid $27,000.00 in cash and the balance to be represented by a note for $25,000.00, bearing interest at the rate of 5% per annum, payable $1,250.00, plus interest, semi-annually, the maker to have the privilege of prepayment in multiples of $1,000.00 on any interest paying date, provided such prepayment is tendered with sixty days unearned interest.

This offer is firm and binding upon my client until Thursday, April 7, 1938, at twelve o'clock noon.

> Yours very truly,
> (Signed) W. V. Greer."

"April 6, 1938.
"Mr. A. W. Krueger,
Victoria, Texas.
Dear Mr. Krueger:

Confirming our telephone conversation of this day, we have accepted your offer to purchase the San Gabriel Apartments.

> Yours very truly,

FW–sb
> President."

> "San Antonio, Texas,
> April 12, 1938.
"W. K. Ewing Co., Inc.,
San Antonio, Texas.
> Attention Mr. Frank Wolff.
"Gentlemen:

"I have heretofore agreed to purchase from you, and you have agreed to sell to me the property known as the San Gabriel Apartments for a total consideration of $52,000.00, of which $27,000.00 will be paid in cash, and the balance of the purchase price represented by a note secured by a deed of trust in the amount of $25,000.00, said note to bear an interest rate of 5% per annum, and be payable $1,250.00, plus interest, semi-annually, I, as the maker, to have the privilege of prepayment in multiples of $1,000.00 on any interest paying date by paying sixty days penalty interest.

"Since the making and acceptance of the above offer I have made a thorough inspection of the property which you own,

known as the Magnolia Terrace Apartments, and it is my preference to purchase this latter property for a total consideration of $60,000.00, of which $27,000.00 shall be paid in cash, and the balance of $33,000.00 to be represented by a note secured by deed of trust bearing an interest rate of 5% per annum, payable $1675.00 plus interest, semi-annually, I, as the maker, to have the privilege of prepayment in multiples of $1,000.-00 on any interest paying date by paying a sixty day penalty interest.

"Please let me have your decision not later than Friday, April 15th.

> Yours very truly,
> (Signed) A. W. Krueger."

Plaintiff introduced evidence to the effect that defendant had personally inspected the property known as the "San Gabriel Apartments" before he wrote the above letter. The record shows, and defendant admits, that he signed the letters and knew the property the letters referred to.

The defendant seeks to avoid liability in the suit, we infer from his brief, on the ground that the letters shown above do not sufficiently describe the property to constitute a contract of sale under the statute of fraud.

This is a suit by the vendor of real estate against the vendee for specific performance of a contract, seeking a money judgment and foreclosure of the implied vendor's lien. The only question before us, as we see it, is that of venue, the county in which the suit may be brought; a suit in which the vendee interposes a plea of privilege to have the case tried on its merits in the county of the vendee's residence, and in a county other than that in which the land lies.

■■ The suit includes the issue of the foreclosure of the vendor's lien on the land. The venue in such suits is in the county where the land lies, unless the vendor has agreed in writing to perform the contract in some other county, which is not made to appear. 38 Tex.Jur., p. 744.

In the case of Gambrell v. Tatum, Tex. Civ.App., 228 S.W. 287, 291, the vendor brought a suit of the nature as here. Gambrell filed his plea of privilege. The trial court overruled the plea. Chief Justice Huff, speaking for the Amarillo Court, said that, "such a proceeding it occurs to us would fall within exception 12 of our venue statute, and give a right to sue where the land is situated." To the same effect is Hooser v. Forbes, Tex.Civ.App., 33 S.W.

2d 550, a case in point, by the San Antonio Court of Civil Appeals; Brooks v. Herren, Tex.Civ.App., 30 S.W.2d 561, holding that the foreclosure of an equitable lien for the purchase of land is within the purview of subdivision 12 of the venue statute (Vernon's Ann.Civ.St. art. 1995) which authorizes the suit to be brought in the county where the land is situated, and refers to Flanagan v. Cushman, 48 Tex. 241; Joiner v. Perkins, 59 Tex. 300; Capps v. Edwards, Tex.Civ.App., 180 S.W. 137; Gambrell v. Tatum, supra.

■ Some of the propositions here go more to the merits than to the venue. In the case of Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, the distinction is drawn between proof necessary to establish venue and proof necessary on a trial on the merits. Here defendant, as shown above, made and submitted a proposition in writing to buy the San Gabriel Apartments, and plaintiff, in due time and in writing, accepted the proposition. The proposition and its unqualified acceptance shows the intention of the parties to contract with reference to the San Gabriel Apartments, and constitutes a contract to perform as proposed.

We think the letters constitute a sufficient basis for plaintiff's suit to foreclose its implied vendor's lien.

Subdivision 12 of the venue statute provides that, "A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated."

Defendant in his brief suggests as a defense to the suit that the contract is unenforceable because of the statute of frauds, in that the contract does not give any description of the property, does not show the state, county or city where located.

Plaintiff's petition alleged, and the proof shows, that the San Gabriel Apartments are located in the City of San Antonio, Bexar County, Texas.

■ Defendant contends that plaintiff failed to make out a prima facie case, in that it failed to prove that W. V. Greer, who wrote the letter of March 30th for the defendant, was the defendant's agent. The trial court found in the findings of fact that Greer was defendant's agent. In defendant's letter of April 12th he said: "I have heretofore agreed to purchase from you, and you have agreed to sell to me the property known as the San Gabriel Apart-

ments * * *," and follows by a reiteration of the terms of the purchase. Where a plea of privilege challenges the authority of the agent we think ratification may be shown. The letter of April 12th shows such ratification, as well as the agency. 43 Tex.Jur., p. 868.

■ Defendant also contends that plaintiff failed to make out a case, in that it failed to prove that Frank Wolff, plaintiff's president, was authorized to act for it in executing the contract of sale. Plaintiff's by-laws are in the record, which clearly authorize its president to execute all contracts, deeds, etc., in the name of the company. The president is thereby given the general management and supervision of the affairs of the company.

The fact that there may have been some additional discussion between the parties relating to an abstract, insurance, rent and tax proration, not included in the letters, we think immaterial, since the letters contain a complete agreement. In the letters the property is referred to as the "San Gabriel Apartments," and as the property "known as the San Gabriel Apartments," and the evidence shows that the property has been under such local appellation for a period of some twelve years, and under no other name; the property was given that name at the time it was built, and that plaintiff owned no other property by that name.

■ It is an obvious principle that a grant must describe the land to be conveyed, and the subject granted must be identified by the description given in the instrument itself, or by other writings referred to. Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703, 705; Francis v. Thomas, 129 Tex. 579, 106 S.W.2d 257; Smith v. Griffin, 131 Tex. 509, 116 S.W.2d 1064. The above cases are examples of contracts where parties sought to describe the property by lot and block, numbers of acres, metes and bounds or boundaries, but there was not sufficient description in the contract to distinguish the property by extrinsic evidence from other real estate. But a contract, we think, may also sufficiently describe property by its common or particular name by which it is known in the locality where situated. 25 Ruling Case Law, p. 654; 18 Corpus Juris, p. 181, where it is said: "The office of a description is not to identify the land, but to afford the means of identification, and when this is done, it is sufficient. Generally, therefore, any description is sufficient by which the identity of the premises can be established, or which furnishes the means of identification. A conveyance is also good if the description can be made certain within the terms of the instrument."

This court applied the above rule in the case of Crawford v. El Paso Land & Improvement Company, Tex.Civ.App., 201 S. W. 233, where the contract was to convey the Angelus Hotel. See also Cunyus v. Hooks Lumber Co., 20 Tex.Civ.App. 290, 48 S.W. 1106, where the land described was "Vanmeter Survey," and no town, county or state was included in the description. It was held a sufficient description under the statute of frauds (Vernon's Ann.Civ. St. art. 3995). Dyer v. Winston, 33 Tex. Civ.App. 412, 77 S.W. 227, where the land was described as the "Triangle or Cutoff pasture"; Bates v. Harris, 144 Ky. 399, 138 S.W. 276, 36 L.R.A.,N.S., 154; Henry v. Black, 210 Pa. 245, 59 A. 1070, 105 Am.St. Rep. 802, land described "Hotel Dubuque," suit specific performance, description held sufficient.

■ From the date line of "San Antonio, Texas," it may be presumed that the property was located in San Antonio, Texas. Taylor v. Lester, Tex.Civ.App., 12 S. W.2d 1097; Easterling v. Simmons, Tex. Civ.App., 293 S.W. 690, writ of error refused, the deed did not state the city, county or state where the land was located. See also Sanderson v. Sanderson, Tex.Civ. App., 82 S.W.2d 1008; Petty v. Wilkins, Tex.Civ.App., 190 S.W. 531.

Propositions not specifically discussed have been considered and are overruled.

The case is affirmed.