## VOLKMANN v. WORTHAM.
### No. 11545.

Court of Civil Appeals of Texas.
San Antonio.
Sept. 26, 1945.

Rehearing Denied Oct. 24, 1945.

 

Frank Hartgraves, of Menard, for appellant.

Collins, Jackson & Blanks, of San Angelo, for appellee.

NORVELL, Justice.

W. H. Wortham recovered a judgment against Wm. F. Volkmann for the sum of $750—5% of $15,000—as and for a real estate dealer's commission upon the sale of a tract of land by Volkmann to J. C. Landon, Jr.

The trial court upon request filed findings of fact and conclusions of law, which we have examined and here approve. In stating the case we make full use of said findings.

Appellant's principal attack upon the judgment is that appellee can not recover by reason of the provisions of section 22 of the Real Estate Dealers License Act, Article 6573a, Section 22, Vernon's Ann. Civ. Stats., which reads as follows:

"No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized. This provision shall not apply to any action for commissions pending in any court in this State at the effective date of this Act."

It appears that Wortham, a licensed real estate dealer, had been informed that J. C. Landon, Jr., was in the market for ranch property. Arthur Warring knew of Wortham's prospect and wrote to Volkmann who owned a ranch which Warring thought might be for sale. On March 2, 1942, Volkmann wrote the following letter to Wortham:

"Dear Mr. Wortham:

"Arthur Warring's letter at hand asking permission to sell ranch, Old Wes Smith Ranch, in Kimble & Mason Cos. 4078 acres land at $17.00 per acre, and 5% commission.

"I do not give exclusive right but herewith give you three weeks or 21 days and if your prospect is favorable an extension of time if necessary.

"Hoping this meets with your approval or expectations, I remain

"(Signed)   Wm. F. Volkmann"

After some negotiation with Volkmann, J. C. Landon, Jr., entered into a contract whereby he agreed to purchase Volkmann's ranch at the agreed price of $65,000. Of this amount, $50,000 was payable in cash and $15,000 was to be evidenced by vendor's lien notes. This sale was consummated in accordance with the terms of the agreement and an appropriate conveyance executed by Volkmann and delivered to Landon.

Wortham testified that the ranch owned by Volkmann was known as the "Old Wes Smith Ranch." The contract of sale entered into between Volkmann and Landon, as well as the deed consummating the transaction, recited that the property was the "same lands conveyed to William Volkmann by Wes Smith and wife, * * *."

The efforts and services of Wortham were the efficient and procuring cause of the sale above mentioned.

Volkmann paid to Wortham a 5% commission upon the $50,000 cash consideration, but, although the $15,000 in vendor's lien notes has now been paid off, Volkmann refuses to pay to Wortham 5% of such amount.

There was a dispute in the testimony, in that Volkmann contended that as he agreed to take less than $17 per acre for his ranch, Wortham agreed to cut his commission to 5% of the cash consideration. This Wortham denied and contended that he was entitled to receive 5% of $15,000 when the vendor's lien notes were discharged. This fact dispute was resolved by the trial judge in favor of Wortham.

■ In Dunn v. Slemons, Tex.Civ.App., 165 S.W.2d 203, it was pointed out that the wording of Article 6573a, Section 22, is very similar to that of Article 3995, Vernon's Ann.Civ.Stats., and consequently cases construing the provisions of Article 3995 are of great assistance and have controlling effect in construing the similar wording of Article 6573a, Section 22.

■ Article 6573a, Section 22, does not attempt to prescribe the essentials of a cause of action for the recovery of a real estate agent's commission upon the sale of land. It simply provides "the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith * * *." This means that there must be a promise to pay a commission, and that the tract of land to be sold must be identified by the writing.

The case of Morrison v. Dailey, Tex. Sup., 6 S.W. 426, 427, supports appellee's position insofar as the question of the sufficiency of the description of the land is concerned. The memorandum there involved read as follows:

"Lancaster, June 28, 1887.

"Received from H. Morrison forty dollars on my place, known as the 'James Perry Tract of Land,' which tract I have sold to him for forty-five hundred dollars, part cash, and the balance to bear interest at ten per cent. per annum until paid.

"(Signed) Mrs. N. B. Dailey."

Judge Gaines, writing the opinion for the Supreme Court, said:

"The description of the land is sufficient. All that is required is that the premises shall be so described that they can be definitely ascertained. By determining what land defendant owned at the date of the contract, which was known as the 'James Perry Tract,' the property sold could be identified with certainty. So far, all the authorities are agreed. Ragsdale v. Mays, 65 Tex. 265; Fulton v. Robinson, 55 Tex. 401; Bitner v. [New York & Texas] Land Co., 67 Tex. 341, 3 S.W. 301; 1 Reed, St.Frauds, §§ 409–416; Browne, St. Frauds, § 385; Pom.Spec.Perf. § 90; Wat. Spec.Perf. § 237."

Upon another phase of the case Judge Gaines followed Fulton v. Robinson, 55 Tex. 401, although stating that the weight of American authority seemed to be contrary thereto. However, as to the question of the sufficiency of the memorandum to identify the land, it was stated that, "all the authorities are agreed."

In the recent case of Wilson v. Fisher, Tex.Sup., 188 S.W.2d 150, the Supreme Court cited the following authorities as being in point with the Morrison case: Cunyus v. Hooks Lumber Co., 20 Tex. Civ.App. 290, 48 S.W. 1106; Sorsby v. Thom, Tex.Civ.App., 122 S.W.2d 275; and Krueger v. W. K. Ewing & Co., Tex.Civ. App., 139 S.W.2d 836.

■ This line of authorities is conclusive of the question of description presented here, and it is not necessary to write further upon the matters discussed in the opinions cited.

The letter written by Volkmann contains a promise to pay "5% commission."

The only difficulty lies in the fact that the memorandum described the land as being 4078 acres and the price was stated as $17 per acre—a total of $69,326—whereas the ranch was actually sold for a consideration of $65,000.

It appears that after considerable negotiation between Volkmann and Landon it was agreed that Landon would pay $10,000 in cash, procure a loan of $40,000 on the land, secured by a first lien, and deliver the proceeds thereof to Volkmann, and that Volkmann would take second lien notes for the remaining $15,000 of the agreed consideration.

Appellant contends that as the written memorandum stated a sale price of $69,-326, which was inferentially to be paid in cash, and the sale was consummated at a lesser amount upon terms involving an extension of credit, it appears that a subsequent oral contract superseded the terms of sale set out in the memorandum which became a nullity and could not be the basis of a promise or agreement upon which an action could be brought.

■ Since the trial court found upon sufficient evidence that appellee's efforts and services were the efficient and procuring cause of the sale, the question involved may be stated as follows: Is a real estate dealer whose efforts have resulted in sale upon terms satisfactory to the vendor to be deprived of his commission when, as a result of bargaining between the vendor and vendee, the vendor agrees to accept a less price or different terms than those stated in a written memorandum wherein the vendor agreed to pay a commission to the real estate dealer?

In Duncan v. Stevenson, Tex.Civ.App., 120 S.W.2d 305, 308, decided in 1938, the Court said:

"We think it is settled by all the authorities that in order for a broker to recover a commission on the sale of property made by the owner, it is necessary for the broker to show that his services were the procuring cause of the sale. It matters not that the broker was not present and had no personal connection with the actual closing of the sale. If his services brought about the sale, his commission is earned. We think Chief Justice Phillips of the Supreme Court of Texas, in the case of Goodwin v. Gunter, 109 Tex. 56, 185 S.W. 295, on page 296, 195 S.W. 848, expressed very clearly the rule applied to such a situation in the following language: 'But the commissions are earned and the broker is entitled to their payment according to the contract if, while it is in force, he procures a purchaser to whom the owner directly makes a sale upon terms which are satisfactory to himself, though different from those limited to the broker and yielding the owner a less amount than that for which the broker was empowered to sell. This is but a rule of fairness and right. In such a case the owner receives the full benefit of the broker's effort. Through the diligence of the broker a buyer is produced. Having interested a prospective buyer the broker is entitled to a fair opportunity of making a sale to him upon the terms authorized. That the owner, pending the broker's negotiation, may, in disregard or repudiation of his obligation to respect the broker's right to conclude the transaction, take the matter into his own hands, avail himself of the broker's effort, close a sale upon satisfactory terms, and yet deny the broker's right of compensation, is a proposition not to be countenanced.'"

■ While the Real Estate Dealers License Act was passed and became effective in 1939, we perceive no intention on the part of the Legislature to change the law as it is stated in the above quotation. The question above set out must be answered in the negative.

■ We notice, briefly, one further contention advanced by appellant. It appears that Wortham, in effecting the sale of Volkmann's ranch to Landon, was assisted by certain individuals, one of whom, at least, held neither a real estate dealer's license nor a real estate salesman's license. Wortham nevertheless paid a part of the commission he received upon the $50,000 to these individuals, apparently in violation of the provisions of Article 6573a, Section 20.

As above stated, Wortham was a duly licensed real estate dealer. The fact that he may have paid out certain money paid to him by Volkmann, as a real estate agent's commission, under circumstances that would render him liable under the penal provisions of the Real Estate Dealers License Act, would not prevent him from maintaining this action to collect his commission upon the $15,000 of the purchase price of the property, represented by the vendor's lien notes executed by Landon and accepted by Volkmann.

Being of the opinion that appellant's points fail to disclose a reversible error, an order affirming the judgment of the trial court will be entered.

Affirmed.

### On Motion for Rehearing.

Upon rehearing, appellant again urges that the contract sued upon must be declared void because Wortham, out of the money received by him from Volkmann as a commission, paid certain sums to individuals apparently not entitled to receive the same under the provisions of the Real Estate Dealers License Act. This is not an action brought for the recovery of a commission by one who was neither a licensed real estate dealer nor a licensed real estate salesman. Wortham was a licensed dealer and the contract upon which he sued was not proscribed by the Real Estate Dealers License Act.

Appellant's motion for rehearing is overruled.